## L. D. PADGETT v. STATE.

163 So. 291.

Opinion Filed September 26, 1935.
Rehearing Denied October 5, 1935.

*T. Franklin West* and *J. T. Wiggins,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review a judgment of conviction of murder in the first degree without recommendation to mercy.

We have carefully examined basis for the several as-

signments of error and find no reversible error is made to appear.

It is strenuously contended that the evidence is not sufficient to prove the material element of premeditated design.

The main proof of the guilt of the accused is found in the written and signed confession of the accused, which is as follows:

"I, L. D. Padgett, having been told by the State Attorney that I do not have to make any statement unless I want to, and that anything that I might say might be used against me, make the following voluntary statement about the killing of my wife, Daisy Lee Padgett: I have not been promised any reward or told that the making of this statement will help me in any way, but make the same freely and voluntarily:

"My wife and I had been having a lot of trouble, she was staying with her mother and keeping our two children there and would not come to live with me. She left me just before Christmas. On Saturday night, June 23d, she spent the night at my place but would have nothing to do with me. She would not even let me kiss her. About daylight Sunday morning we started over to a girl's house and then I guess we were going from there to her Mother's. As we left she told me to bring the turpentine cutter along. I think she wanted it to sharpen some knives of her Mother's. I put it in my pocket rolled up in a piece of paper. As we walked along the road we talked about the way she had been acting and one word led to another. I was pretty mad about it all and finally pulled the cutter out of my pocket and stabbed her in the back. I was walking along behind her then and she did not see what I was doing. We had walked about a mile from home. She fell down after I stabbed her in the back, and then I cut

her several times on the neck and once or twice in the stomach while she was laying down. She said "O, don't do that" when I was cutting her. She then told me to meet her in heaven and said she wished she could have seen the children before she went. After that I drug her off the road a piece and she did not talk anymore but she kept grunting and making all kinds of noises and pawing with her hands. When I left there she was still grunting.

"I picked up the things that were scattered around on the ground and carried them about a half mile away and threw them in a branch. This included some dresses, shoes, cloth, a hat and first one thing or another, that she had bought in town on the day before. I threw the cutter off in the bushes near the branch. I went on back to the house and from there to my mother's. I lay down across the bed and tried to sleep but it was too warm. From there I went by my wife's mother's house and most of the folks were not there. I saw a brother of my wife and my two children and my brother's children. I did not go back by the place where I killed her.

"I did what I did before I thought and realized what I was doing, and what caused me to do that was the way she was treating me after several times promising to do better.

"L. D. PADGETT.

"STATE OF FLORIDA,
"ESCAMBIA COUNTY.
"Sworn to and subscribed before me
this 3rd day of July, 1934.
"EMANUAL F. JOHNSON, Notary Public
State of Florida at Large
"(NOTARIAL SEAL)                                      "State ex. 2"

The proof is adequate that this confession was freely and voluntarily made.

It is' well settled in this jurisdiction that in a trial for murder in the first degree, proof of premeditation need not be express or positive, but may be deduced from all the facts attending the killing. Yates v. State, 26. Fla. 484-7 So. 880, Robinson v. State 69, Fla. 521-68 So. 649.

The proof is amply sufficient to sustain the judgment and the judgment should be affirmed.

It is so ordered. Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.