JECY CRAWFORD, etc., v. STATE OF FLORIDA.

1 So. (2nd) 713

En Banc

Opinion Filed April 22, 1941

*P. Guy Crews,* for Appellant;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

BUFORD, J.—On being convicted of the offense of murder in the first degree, defendant appeals to this Court and presents two questions for our consideration, viz.:

"Does the testimony and evidence when considered as a whole prove beyond a reasonable doubt that the appellant had any premeditated design to affect the death of Bronson Sweat or any other human being at the time of the alleged homicide?"

2. "Did the trial jury entirely disregard the court's charge as to the defendant's right to protect himself after the deceased Bronson Sweat had made threats against the life of the defendant, and threats were heard by the defendant as well as communicated by other witnesses?"

The record discloses that from the evidence submitted the jury was warranted in concluding beyond a reasonable doubt that the accused became enraged because deceased had assumed to have some association with a woman with whom accused was living; that just preceding the homicide accused had an altercation with the woman in which he took a large knife (which belonged to deceased) from her and in the altercation cut her slightly on the hand with the knife. That accused then almost immediately went out on the porch of the house in which all parties lived and there found deceased sitting quietly and unarmed in the rocking chair talking to witness Gadsden. That accused made some remark to deceased which Gadsden did not understand. That deceased only said "huh," whereupon accused assaulted deceased who was sitting in the chair and then and there inflicted a mortal wound of which deceased soon thereafter died. The wound is described by the examining physician as follows:

"There was one wound on the body. There was a stab—on the body and the head—there was a stab, one inch long, by a sharp instrument; went into the back or edge of the eyebrow, or about where I am pointing (indicating); and went into the inside of the head, through the bone, into the brain, and penetrated the brain some two or two and one-

half inches, and cut some blood vessels; caused a large hemorrage to go over the whole head and, I suppose, in the brain, and went on."

We see in the record nothing lacking to prove the essential elements of murder in the first degree.

In Ryan v. State, 83 Fla. 610, 92 Sou. 571, we said:

"The character of the homicide and the element of premeditation may be proved by circumstantial evidence, the jury being privileged to infer the existence of premeditation and the unlawful character of the homicide from the evidence submitted as they may infer the existence of any other material element in a criminal charge. See Lovett v. State, 30 Fla. 142, 11 South. Rep. 550; Barnhill v. State, 56 Fla. 16, 48 South. Rep. 251; Keigans v. State, 52 Fla. 57, 41 South. Rep. 886; Miller v. State, 75 Fla. 136, 77 South Rep. 669; Dukes v. State, 14 Fla. 499; Robinson v. State, 69 Fla. 521, 68 South. Rep. 649; 6 Ency. Evidence, p. 691."

That enunciation has been followed in Phillips v. State, 88 Fla. 117, 101 Sou. 204; Lowe v. State, 91 Fla. 255, 105 Sou. 829; Padgett v. State, 121 Fla. 42, 163 Sou. 291, and Forehand v. State, 126 Fla. 464, 171 Sou. 241.

There appears in the record nothing which indicates that the jury disregarded the charge of the trial court in any respect. The jury just did not believe all of the testimony of defendant and some of the witnesses in his behalf.

The entire record discloses no reversible error.

Judgment affirmed.

So ordered.

WHITFIELD, TERRELL, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., and CHAPMAN, J., dissent.

BROWN, C. J., and CHAPMAN, J. (dissenting).—As we

understand the testimony in this case, the record as a whole fails to show that premeditated intent to kill which is essential to sustain a conviction of murder in the first degree.