### JAMES COLLINS v. STATE OF FLORIDA

19 So. (2nd) 718                                      June Term, 1944
November 7, 1944                                      En Banc
Rehearing denied November 24, 1944

*W. H. Mizell,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

BUFORD, C. J.:

Appellant, having been indicted and convicted in the Circuit Court of Palm Beach County for the crime of murder in the first degree, presents his appeal to this Court.

Appellant presents five questions for our consideration as grounds for reversal.

The first question challenges the sufficiency of the evidence to support the verdict and judgment. We have carefully considered the evidence as reflected in the transcript of record and find it amply sufficient to prove the guilt of appellant to the exclusion of every reasonable doubt. A statement of the details of the occurrence as shown by the evidence can serve no useful purpose. It is sufficient to say that the evidence when measured by rules enunciated in the cases of Crawford v. State, 146 Fla. 729, 1 So. (2nd) 713; Padgett v. State, 121 Fla. 42, 163 So. 291; Hasty v. State, 120 Fla. 269, 162 So. 910; Davis v. State, 138 Fla. 798, 190 So. 259 and Williams v. State, 148 Fla. 88, 3 So. (2nd) 721, meets all requirements.

The second and third questions challenge the action of the trial court in refusing to give certain requested instructions or charges requested by the defendant touching the law of self-defense. The trial court announced that the giving of such requested charges was refused because the legal principles thereby sought to be included in charges to the jury were covered by the court's general charge as given. The

record reflects that this was true and, therefore, the refusal was not error. See Harvey v. State, 129 Fla. 289, 176 So. 439; Jarrell v. State, 135 Fla. 736, 185 So. 873, and White v. State, 129 Fla. 885, 176 So. 842.

The fourth and fifth questions challenge the propriety of the cross-examination of defendant by the States Attorney (when the defendant was testifying on the trial as a witness in his own behalf) as to former convictions of defendant. From careful consideration of the record, we do not find that the course pursued by the States Attorney offends against the enunciations by us in the case of Washington v. State, 86 Fla. 519, 98 So. 603, or in Martin v. State, 86 Fla. 616, 98 So. 827. In the case before us the State's Attorney did not seek to have the witness state the facts or circumstances of any offense of which he had been convicted; neither did he attempt to show that defendant had been convicted of any offense involving personal violence. The examination sought to elicit information as to the number of times, if any, the witness has been convicted. The defendant requested no charge by the trial court in regard to the effect, if any, to be given such evidence and, therefore, cannot be heard to complain that no special charge was given as to this.

On the entire record no reversible error is made to appear and, therefore, judgment is affirmed.

So ordered.

TERRELL, ADAMS, THOMAS and SEBRING, JJ., concur.

BROWN and CHAPMAN, JJ., concur specially.

BROWN and CHAPMAN, JJ., concurring specially:

We think the State attorney, in his questions to defendant as to his former convictions for crime, went beyond the scope of examination on that subject allowable under the statute, 90.08 Fla. Statutes 1941, F.S.A. as construed in the cases cited in the above opinion and also in the case of Wilson v. State, 134 Fla. 199, 183 So. 748, but we are not convinced that any prejudicial error was committed in this particular care. In other respects we concur in the opinion and in the judgment of affirmance.