186 So.2d 52 (1966)
Perdie L. HILL, Appellant,
v.
William Alfred SADLER and Colonial Enterprises, Inc., a Florida Corporation, Appellees.
No. 4876.
District Court of Appeal of Florida. Second District.
April 13, 1966.
Rehearing Denied May 18, 1966.
*54 Charles J. Cullom and S. Victor Tipton, Orlando, for appellant.
Gurney, Gurney & Handley, Orlando, for appellees.
SMITH, CULVER, Associate Judge.
This is an appeal from a final judgment entered for the defendants-appellees on a jury verdict rendered in their favor. The action arose from a collision between an automobile driven by the wife of appellant and a truck owned by appellee, Colonial Enterprises, which was being operated at the time by appellee, William Alfred Sadler, Appellant's wife died as a result of injuries sustained in the accident. With her in the car was her daughter who had her head resting on the seat, and her eyes closed. There were no other passengers either vehicle. Sadler was, therefore, in effect, the only eye witness. His testimony was that the automobile driven by appellant's wife was proceeding in a southerly direction at a moderate rate of speed on her proper side of the road. Sadler was going north. He testified that his left front tire blew out immediately before the impact, causing the truck to swerve uncontrollably from its previous path on its own side into the path of the oncoming car.
Appellant states eleven points upon which he relies upon for reversal. We have studied the briefs of counsel, the authorities cited, and have read the transcript of proceedings consisting of 402 pages. Appellant's first point involves the claimed refusal of the trial court to permit questioning of Sadler regarding the number of convictions for crime, or to place in evidence the alleged records of such convictions. It is proper, on cross examination, to ask a witness if he has ever been convicted of a crime, and if his answer is "yes," he may be questioned as to the number of times. If his answer is "no," then proper proof of prior convictions is admissible. Collins v. State, 155 Fla. 141, 19 So.2d 718; Lockwood v. State, Fla.App., 107 So.2d 770.
In the present case, when asked if he had ever been convicted of a criminal offense, Sadler answered "No." Counsel for appellant then stated: "I would like to introduce, at this time, your Honor, record of five different * * *" whereupon appellees' counsel objected. After a short discussion between counsel and the Court the latter asked Sadler "Have you ever been convicted of a violation of the traffic laws in the States in which you have driven a motor vehicle ?" Attorney for appellant then volunteered "Five * * *." On objection, he was told by the court, "That is as far as you can go." Under the circumstances, this appears to be all the trial court could do at the time. Appellant's counsel, in seeking to introduce a document, started off by a description of its contents rather than by properly identifying it. Until this document was admitted in evidence, no comment as to the details of what it contained was proper, and certainly the volunteered statement of counsel, "five," should not have been made. We fail to find anywhere in the record that appellant's counsel made any further proffer of the document in question.
Appellant, by his second point, states that the trial court erred in refusing to permit the reading of portions of the deposition of Sadler, under the provision of Rule 1.21(d) (2), Florida Rules of Civil Procedure, 30 F.S.A. Appellant was required by the court to place Sadler on the *55 stand as an adverse witness. This is contrary to the holding of the Third District Court of Appeal in the case of Monsalvatge & Co., of Miami v. Ryder Leasing, Inc., Fla., 151 So.2d 453. We must now determine if reversal is required. It is well settled that a judgment is not reversible in the absence of prejudicial error clearly demonstrated. 2 Fla.Jur. Appeals § 358 page 743. Green v. Loudermilk, Fla.App., 146 So.2d 601. Appellant placed Sadler on the stand as an adverse witness, asked the same questions and received the same answers as appear in his deposition. We conclude that the procedural error was harmless.
Appellant in his third point states that error was committed in that a witness was not permitted to testify as to the speed of the truck driven by Sadler. This witness was on foot about a quarter of a mile from the scene of the collision when the truck passed him. His vision did not follow the truck all of the way until the accident occurred. Whether evidence should be admitted tending to show the rate of speed of a vehicle at a time and place other than that at the instant of, or immediately prior to, the accident depends upon the facts in the particular case, and rests largely in the discretion of the trial Judge. The trial Judge, by his ruling, was not guilty of such an abuse of discretion as to require reversal.
Appellant's points four, five, and six charge error in the failure to give three requested instructions. We have studied the entire charge of the court and believe that it adequately covered the applicable law. The fact that a requested charge correctly states the law does not make its refusal a commission of reversible error. Fla. East Coast Ry. Co. v. Lawler, Fla.App., 151 So.2d 852; Williams v. Scott, Fla.App., 153 So.2d 18.
As to appellant's point seven, we cannot agree that appellees' requested instruction number 10, which was given, constituted a comment on the evidence. It might be considered as being somewhat argumentative, and not framed in the most approved form, but it was not a comment on the evidence in the true sense.
Appellant's points eight and nine assign error because of the trial court's refusal to receive the testimony of two witnesses as to whether the tire on the truck blew out, or was damaged by the collision. With the ever increasing trend to offer the testimony of expert witnesses as proof of facts in the trial of cases, the trial courts are constantly faced with questions of qualification, and admissability. No clear cut rule covering every situation has been developed. The basic guide, however, appears in 13 Fla.Jur. Evidence, § 311 at page 310 wherein it is stated:
"When a witness is offered as an expert or skilled witness, it is for the trial court to determine whether or not he has been shown to possess the requisite qualifications and special knowledge to authorize his testimony. This is a question of fact to be determined from testimony bearing on that question and the decision of the trial court with respect thereto is conclusive unless it appears to have been in error. Its decision is entitled to great weight in the appellate court because of the superior advantages possessed by the trial judge, who hears the testimony and observes the witnesses, and his decision will not be pronounced erroneous unless clearly so."
In Home Insurance Co. v. Wiggins, Fla. App., 147 So.2d 157, the court held that the trial court has the initial responsibility of determining qualifications and range of subjects Upon which expert witnesses may be allowed to testify (emphasis supplied). See also Myers v. Korbly, Fla.App., 103 So.2d 215.
Finally, points ten and eleven seek reversal, stating that the trial court erred in allowing two witnesses called by the defendants to give opinion evidence. The authorities quoted under points eight and nine *56 have equal application here. Of most importance, however, is the fact that a careful reading of their testimony reveals they were not permitted to answer questions calling for opinions, at any time that proper objection was made by appellant's counsel.
We find no reversible error in the record, and the judgment of the court below is therefore affirmed.
SHANNON, Acting C.J., and ANDREWS, CHARLES O., Jr., Associate Judge, concur.