208 So.2d 108 (1968)
Stephen HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. J-44.
District Court of Appeal of Florida. First District.
March 14, 1968.
*109 Ike Anderson, Monticello, for appellant.
Earl Faircloth, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
Appellant is appealing from a judgment and conviction for the offense of robbery. One ground he urges for reversal is that he did not have assistance of counsel at the time that he voluntarily submitted to a lie detector test. The record conclusively shows that Harris was warned of all his constitutional rights by two law enforcement officers and prior to agreeing to the test was allowed to talk to his attorney by telephone. His attorney advised him that he was not compelled to take the lie detector test. Nevertheless, Harris decided to sign a statement of consent, take the test and there was no threat or coercion placed on him by anyone to do so. There has been no showing that he was deprived of any constitutional rights in this respect.
Further, appellant contends that certain conversations with law officers should not have been allowed in evidence because same occurred when Harris was not represented by counsel or counsel was not present at the time. There are no allegations whatsoever that when the conversations took place that Harris was in any wise intimidated, threatened, coerced or forced in any manner to speak against his free will. Nothing has been shown to indicate that appellant was interrogated contrary to his wishes or that any confession was extracted from him under circumstances which have been condemned by recent United States Supreme Court decisions. Rather, the record presents a clear showing that appellant was warned of and was accorded all the constitutional rights to which he was entitled. Anything he may have subsequently said to the officers was done so on a completely voluntary basis.
Next, a bald conclusion is made that constitutional rights were violated because appellant did not have counsel at time of arrest and at preliminary proceedings. We know of no constitutional right to have counsel present at time of arrest. The law of this State is that lack of counsel at a preliminary hearing is not a denial of due process unless there is a showing that such hearing was a critical stage in criminal prosecution and that prejudicial harm resulted to the defendant because of lack of counsel. Dancy v. State, 175 So.2d 208 (Fla.App.3d, 1965); Brookins v. State, 174 So.2d 578 (Fla.App.3d, 1965); Fauls v. State, 164 So.2d 35 (Fla.App.2d, 1964). No such showing has been made in the present case.
Another point raised is that error was committed in allowing a question by the prosecution which required appellant to acknowledge that he had previously been convicted of a criminal offense in Florida. On cross examination it is proper to question a witness as to whether he has ever been convicted of a crime. F.S. 90.08, F.S.A. Hill v. Sadler, 186 So.2d 52 (Fla.App. 2d, 1966); Lockwood v. State, 107 So.2d 770 (Fla.App.2d, 1958). The proper response would be a yes or no answer. Here appellant instead of giving that type of response answered by naming the offenses *110 of which he had been convicted. His counsel did not make any objection to same or request that the answer be stricken from the record. We do not feel that this point constitutes any basis for reversible error.
After consideration and examination of the transcript of testimony, the briefs filed and cases cited, we do not find any merit to any of the points raised on this appeal. No reversible error having been made to appear we hereby affirm the order appealed.
WIGGINTON, C.J., and SPECTOR, J., concur.