SWANN, Judge.
The appellant, Edward Herman Smith, was charged with murder in the first degree. He entered a plea of not guilty and a jury found him guilty of murder in the third degree. Smith now appeals from his judgment and sentence.
We have examined the appellant’s first point on appeal and find it to be without merit. See F.S.A. §§ 782.04 and 919.14; Brown v. State, Fla.1968, 206 So.2d 377; Killen v. State, Fla.1957, 92 So.2d 825; Hodella v. State, 158 Fla. 94, 27 So.2d 674 (1946); and Luke v. State, Fla.App.1967, 204 So.2d 359.
In his second point on appeal, Smith argues that the trial court erred in excluding the proffered testimony of a defense witness, Young. The state during the trial had produced a witness, Ort, who testified concerning a conversation he overheard between Smith and “another gentleman” wearing a Volkswagen service uniform.
The defense, in an attempt to impeach or contradict Ort’s testimony, presented the testimony of its witness, Young. Young was asked about Smith’s conversation at the time-in question. The state objected to such testimony on the grounds that it was hearsay and that the question was leading.
The defense admitted that the question was leading and the court sustained the state’s objection. The jury was excused and the defendant made a proffer of certain testimony by question and answer from its witness, Young. The court did not rule as to the acceptance or exclusion of the proffered testimony. When the jury returned the defense resumed its questioning of Young. It cannot be said that a trial judge has committed reversiblp error which is based on a point upon which he has never ruled. See R.C.P. 1.450(b) 30 F.S.A.; Musachia v. Terry, Fla.App.1962, 140 So.2d 605, 608. Since the trial judge did not rule on the exclusion or acceptance of the proffered testimony of Young, we find no reversible error on this point.
The defense, during cross-examination, attempted to ask questions bearing on the *361 credibility of another state witness. The following occurred:
“Q. Have you ever been convicted of a crime ?
A. Yes, sir.
Q. On how many occasions?
Your Honor, I object to the questions as going too far * * *.
THE COURT: We will sustain the objection.”
The appellant argues that the number of times a witness has been convicted is within the scope of legitimate inquiry for the purposes of establishing his credibility, and the state concedes, generally, to this proposition. See Collins v. State, 155 Fla. 141, 19 So.2d 718 (1944); Morton v. State, Fla.App.1968, 205 So.2d 662; and Lockwood v. State, Fla.App.1959, 107 So.2d 770.
The fact that error has been committed during a trial does not automatically require reversal on appeal. Fla.Stat. § 924.-33, F.S.A. Here, there was evidence before the jury that this state witness had been convicted of a crime.
The refusal to permit the defense to establish the number of times this witness had been convicted did not, in our opinion, “injuriously affect the substantial rights of the appellant.” The harmless error statute also states that “it shall not be presumed that error injuriously affected the substantial rights of the appellant.” There has been no showing here, other than a presumption, that the refusal to permit this question injuriously affected the substantial rights of the appellant.
For the reasons set forth herein, this cause be and the same is hereby
Affirmed.