238 So.2d 137 (1970)
George WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. M-176.
District Court of Appeal of Florida, First District.
July 30, 1970.
Rehearing Denied August 20, 1970.
*138 Richard G. Weinberg, St. Augustine, for appellant.
Earl Faircloth, Atty. Gen., and Roger W. Foote, Asst. Atty. Gen., for appellee.
JOHNSON, Chief Judge.
This is an appeal from a conviction of murder in the first degree with a recommendation of mercy, and of course from the order denying motion for new trial and arrest of judgment. This case arose in St. Johns County, Florida and tried before the Honorable Robert H. Wingfield, Judge.
The appellant filed a motion to quash the indictment before trial, based on several grounds. Among the material grounds for said motion, appellant pointed out that the grand jury which returned the indictment had been selected September 1, 1967 whereas the indictment was filed April 1968. The contention here was that the statute, F.S. Section 40.02, F.S.A. required the county commissioners of a county, except those having a jury commission, to hold a meeting during the first week of January of each year, or as soon thereafter as practical, for the purpose of selecting jury lists. Because of a change in the statute relative to women serving as jurors, the *139 Circuit Court of St. Johns County issued an order July 31, 1967, for the commissioners to compile a new jury list. This was done on September 1, 1967. The second Monday in November, 1967, a grand jury was selected to serve. The Clerk of Circuit Court testified that this grand jury "carries over until the Spring term which is the first Monday in June" (1968). The indictment was in April 1968.
Our courts have held the statute requiring a January meeting of the county commissioners to be directory only[1] and the trial court was not in error in denying the motion on this point. Included in this same point, the appellant argues several defects in the form of the indictment which we find to be without merit; also the fact that each Commissioner selected a list of names from his district and submitted the same to the Board, which did in fact become the jury list adopted by the Board. This is not erroneous when the lists are submitted to the whole board, read out and an opportunity given each of the other Commissioners to object to any name thereon or to suggest a change. The final compilation of the jury list becomes the composite action of the Board.
As to point II in appellant's brief challenging the sufficiency of the evidence to support a conviction, we believe, and so hold, that there was sufficient circumstantial evidence to support the jury's findings and we will not attempt to substitute our judgment for that of the jury as to the facts.
Point three of appellant raises the propriety of the State Attorney inquiring into the felony convictions of the defendant. The law seems to be well-settled that a party testifying whether as a witness in his own behalf or otherwise, may be questioned about the number of his convictions of other crimes for the purpose of affecting his credibility.[2] The other questions propounded by the State Attorney as to his military discharge and his comments thereon to the jury appear to us to be lacking in the best of techniques by the State Attorney, but appear to be harmless at most.
As to point IV, the defendant made the statement, while testifying that he offered to take a lie detector test, but didn't. The State Attorney inquired of the defendant why he didn't take it. The defendant having opened the door on this question, we think the trial court was right in permitting the State to delve into the reason why the same was not taken. It was proper to show whether the State refused to permit the test or the defendant refused, and his reason therefor. No error was committed by this action. This was proper cross-examination.
Point V of appellant was that it was error not to permit the defense to show the vicious nature of the deceased and quarrelsome, violent and dangerous proclivities as evidenced by other and prior altercations. We cannot agree with the defendant on this point. Such evidence is admissible where the plea of self-defense is interposed, but until the defendant shows some evidence that he acted in self-defense, such is improper.
There was a dispute as to whether the defendant was properly warned of his rights by the deputy sheriff. It is apparent that the jury and the trial judge thought sufficient warning was given. We agree.
The final point, relative to the closing argument of the State Attorney, we believe to be without sufficient merit to warrant reversal. The argument may have seemed to be a little over zealous, but it did not reach beyond the actual evidence, and therefore we do not think it had any prejudicial *140 effect upon the jury after all the other evidence which was before the jury.
The motion for a new trial and arrest of judgment was properly denied.
The judgment and sentence appealed are therefore affirmed.
RAWLS and SPECTOR, JJ., concur.
NOTES
[1] Gray v. State, 143 Fla. 588, 197 So. 333 (1940); Reeves v. State, 29 Fla. 527, 10 So. 901 (1892).
[2] Collins v. State, 155 Fla. 141, 19 So.2d 718 (1944) and F.S. § 90.08, F.S.A.