RAWLS, Judge.
Petitioner filed a writ of mandamus seeking her discharge from custody pursuant to the provisions of Rule 3.191, F.R.Cr.P., 33 F.S.A. We sua sponte treated the subject petition as a suggestion for writ of prohibition and issued rule nisi. We now have before us the respondent’s return and supporting briefs filed by the parties.
The undisputed facts are: Petitioner was arrested on March 24, 1971; a preliminary hearing scheduled for April 5, 1971, *48 was continued upon the motion of petitioner’s attorney and rescheduled for June 28, 1971; preliminary hearing was again rescheduled upon motion by the State upon the ground of the unavailability of a witness for the State; the preliminary hearing was ultimately held on September 9, 1971, and petitioner was bound over for trial. On October 7, 1971, the State Attorney filed an information against petitioner charging her with the crime of leaving the scene of a motor vehicle accident involving personal injuries. Petitioner filed her motion for discharge more than 180 days subsequent to being taken into custody. The trial judge found “that the delay in getting this matter to trial was caused by the Defendant and through no fault of the State” and denied petitioner’s motion for discharge.
The sole question presented is: Does a defendant’s motion for a continuance of a preliminary hearing and the granting of same constitute a waiver of the 180-day period set out in Rule 3.191, F.R.Cr.P. ? Pertinent portions of the subject rule are as follows:
“(a)(1) . . . Except as otherwise provided by this Rule, every person charged with a crime, by indictment or information or trial affidavit, shall without demand be brought to trial within 90 days if the crime charged be a misdemeanor, or within 180 days if the crime charged be a felony, capital or noncapi-tal, . . . The time periods established by this section shall commence when such person is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged. A person charged with a crime is entitled to the benefits of this Rule whether or not such person has been held to answer at a preliminary hearing, or whether or not such person has waived such hearing, and whether such person is in custody awaiting trial or is ¿t liberty on bail or recognizance . . .”
In Anderson v. State,[1] the Supreme Court held in respect to the necessity of preliminary hearings, viz.:
“A preliminary hearing is for the purpose of determining if probable cause exists to hold one accused of a crime for trial. Such a hearing is not a critical stage in the proceedings, Harris v. State, 208 So.2d 108 (Fla.App. 1, 1968) It is not a prerequisite to a criminal prosecution or the filing of an indictment or information . . . ” (Emphasis supplied.)
The cited rule clearly states that a person charged with a crime is entitled to the benefits “whether or not such person has been held to answer at a preliminary hearing”. The unequivocal decision of our Supreme Court is that a preliminary hearing is not a prerequisite to a criminal prosecution. It necessarily follows that the trial judge erred when he found as to the uncontra-dicted facts herein that “the delay in getting this matter to trial was caused by the Defendant and through no fault of the State”.
The State urges that State ex rel. Butler v. Cullen[2] is controlling. The petitioners in that case requested and were granted a continuance of the trial on the ground that they needed additional time within which to prepare their defense. A marked distinction is readily apparent between a continued preliminary hearing which is not a prerequisite to trial and a continued constitutionally-guaranteed trial. Furthermore, the subject rule, as pointed out above, contemplates a factual situation “whether or not such person has been held to answer at a preliminary hearing”, while in a later *49 portion of the rule [3] entitled “When Time May Be Extended” does not mention a delay in holding a preliminary hearing, but concludes with the following phrase: . . any other delay shall be unexcused.” [4]
By virtue of Rule 3.191, F.R.Cr.P., respondent is prohibited from exercising further jurisdiction in this criminal proceeding against petitioner, other than entering an appropriate order of discharge.
Writ of prohibition granted.
SPECTOR, C. J., and JOHNSON, J., concur.

. Anderson v. State, 241 So.2d 390, 392, 393 (Fla.1970); also see Sangaree v. Hamlin, 235 So.2d 729 (Fla.1970); and Maxwell v. Blount, 250 So.2d 657 (1 Fla. App.1971), affirmed by the Supreme Court, 261 So.2d 175 (Fla.1972).

. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971).

. Rule 3.191(d) (2), F.R.Cr.P.

. Rule 3.191(d)(3), F.R.Cr.P. entitled “Continuances; Effect on Motion” does not relate to a continuance in holding a preliminary heai'ing.