RAWLS, Judge
(concurring in part and dissenting in part).
I concur with the opinion of my brother Spector from its beginning down to the paragraph which reads:
“Although we have concluded that neither the reason stated by the trial court in its order denying discharge nor the argumentation advanced by the respondent’s counsel on appeal are valid grounds for denying petitioner’s motion for discharge, there does exist a reason or ground based on which we must hold that the order reviewed herein is correct.”
From this point to the end of Judge Spec-tor’s opinion, I must part from his company.
The “reason” mentioned is an illusory one. Rule 3.191 (i) (2), F.R.Cr.P., clearly provides:
“(i) Schedule. — (1) This Rule shall be effective and govern the trial dates of all persons taken into custody after 12:01 a. m., on March 1, 1971; . . . ”
Here, the irrebuttable syllogism is: This defendant is a person; he was taken into custody on June 1, 1971, a date that occurred long after March 1, 1971; therefore, the cited Rule is applicable to him. Judge Spector’s excursion into the provi *693 sions of subsection (2) of the cited Rule is clearly not material to the uncontroverted dates pertaining to this defendant. Subsection (2) states, inter alia: “The trial of all persons taken into custody prior to the effective date of this rule shall commence on or before September 27, 1971, . If a person is released upon bail or otherwise, and makes no demand for speedy trial, the trial of such person shall commence on or before November 1, 1971.” (Emphasis mine.) The subject defendant was not taken into custody prior to the subject date of this Rule; ergo, the provisions of subsection (2) are not applicable to him.
As I view it, the sole issue in this case is: Where a person is arrested upon a capital offense and taken into custody, does the fact that a grand jury is not- convened for a number of months subsequently constitute exceptional circumstances within the meaning of Rule 3.191(f), F.R.Cr.P., as promulgated by the Supreme Court of Florida ?
The detailed language of subsection (f) requires a negative answer. This Court recently held in Edell v. Blount[1] that the delay occasioned by a State Attorney in failing to file an information, although found by the trial judge to have been caused by the defendant’s motion for continuance of a preliminary hearing, did not constitute such exceptional circumstances as contemplated by Rule 3.191, F.R.Cr.P. It necessarily follows that a delay on the part of a grand jury in returning an indictment is analogous to the inaction of a State Attorney.
Philosophically, it is with great reluctance that I urge the discharge of an accused rapist upon a “technicality.” I am of the opinion that the Supreme Court of Florida is not empowered to promulgate a jurisdictional rule construing in every instance the provision of our Constitution as to the meaning of speedy trial. However, pursuant to the rule-making power vested by Article V, Constitution of the State of Florida, F.S.A., the Supreme Court has promulgated the subject speedy trial rule. As I read the provisions of this rule, once a defendant is taken into custody (subsequent to March 31, 1971), he must be indicted or informed against within 180 days (absent the circumstances enumerated) : otherwise, as the language of the Rule states: “ . . . be forever discharged from the crime . . . ” [2]
In compliance with the mandate of the Supreme Court set forth in the subject Rule, I would “forever” discharge the prisoner.

. Edell v. Blount, 267 So.2d 47 First District Court of Appeal of Florida, opinion filed September 21, 1972.

. Buie 3.191(a)(1), F.B.Cr.P.