380 So.2d 1024 (1979)
Allen Michael JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 53297.
Supreme Court of Florida.
February 22, 1979.
Robert E. Jagger, Public Defender, and Robert Dillinger, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ALDERMAN, Justice.
This is a direct appeal from a circuit court's judgment adjudicating the defendant Allen Michael Johnson guilty of grand larceny of a motor vehicle in violation of section 812.021, Florida Statutes (1975), and upholding the constitutionality of section 90.08, Florida Statutes (1975). In addition *1025 to his constitutional challenge, Johnson contends that the trial court erred in denying his requested jury instruction on petit larceny as a lesser included offense of grand larceny of a motor vehicle. We reject both contentions and affirm the judgment of the trial court.
Section 90.08, Florida Statutes (1975), provides:
Witnesses; conviction of other crimes as disqualification.  No person shall be disqualified to testify as a witness in any court of this state by reason of conviction of any crime, but his testimony shall be received in evidence under the rules, as any other testimony. Evidence of such conviction, including the fact that the prior conviction was for the crime of per-jury, may be given to affect the credibility of the said witness, and such conviction may be proved by questioning the proposed witness or, if he deny it, by producing a record of his conviction. Testimony of the general reputation of said witness may likewise be given in evidence to affect his credibility.
The constitutional challenge to section 90.08 was made in the following context. Prior to trial, Johnson filed a motion in limine seeking to limit the prosecution in its questioning in regard to his prior criminal record and convictions in the event he elected to testify on his own behalf. He alleged that to allow impeachment of his credibility by evidence of his prior crimes would violate his right to due process and that, therefore, section 90.08 is unconstitutional. The trial judge denied his motion and held the statute constitutional. At trial, Johnson testified on his own behalf, and on cross-examination the state attorney asked him how many times he had been convicted of a crime. Johnson responded that he recalled two convictions. On redirect examination, defense counsel then made the following inquiry:
Q. Now, these two convictions that Mr. Crow asked about, those misdemeanors or felonies?
A. Well, I think they misdemeanors.
Q. And was one a DWI?
A. Yes, I think so.
Q. And obstructing without violence?
A. I think so.
Johnson argues that this statute constitutes a violation of his right to due process of law because it infringes upon his right to testify in his own behalf. In the past, this Court has carefully construed section 90.08 in such a way as to protect the due process rights of a defendant. For example, in McArthur v. Cook, 99 So.2d 565 (Fla. 1957), which held that section 90.08 is equally applicable in civil and criminal cases, we were confronted with the question of whether the trial judge committed error in refusing to permit the cross-examination of a witness with reference to his prior conviction of crimes. We acknowledged that the application of the act presented problems which, for the guidance of the bar and the trial courts, we undertook to eliminate. As to the proper procedural approach to be taken during trial to impeach the credibility of a witness by prior convictions, we explained:
[T]he proper procedural approach is simply to ask the witness the straight-forward question as to whether he had ever been convicted of a crime. The inquiry must end at this point unless the witness denies that he has been convicted. In the event of such denial the adverse party may then in the presentation of his side of the case produce and file in evidence the record of any such conviction. If the witness admits prior conviction of a crime, the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted. If the witness so desires he may of his own volition state the nature of the crime and offer any relevant testimony that would eliminate any adverse implications; for example, the fact that he had in the meantime been fully pardoned or that the crime was a minor one and occurred many years before. The restrictions on the use of this type of interrogation to reflect adversely on the credibility of a witness have been well illustrated by other cases. It would be repetitious to elaborate *1026 on this phase of the matter here. See Mead v. State, supra; Collins v. State, 155 Fla. 141, 19 So.2d 718; Wilson v. State, 134 Fla. 199, 183 So. 748; Robinson v. State, 80 Fla. 736, 87 So. 61. See also 58 Am.Jur., Witnesses, Sec. 734, et seq.
99 So.2d at 567.
A criminal defendant is privileged to testify in his own behalf or to refuse to testify. Once he becomes a witness, however, he may be examined the same as other witnesses on matters which illuminate the quality of his testimony. Mead v. State, 86 So.2d 773 (Fla. 1956). When a defendant voluntarily takes the stand, he is under an obligation to speak truthfully and accurately. The credibility of a witness and the weight to be given his testimony is a matter to be determined by the trier of fact. The inquiry permitted by section 90.08 gives the trier of fact further insight into a defendant's credibility. We find that the procedure utilized in this state for impeachment of the credibility of a witness by prior convictions, as set out in section 90.08 and explained in McArthur v. Cook, which precludes the naming of the offenses by the prosecution when the defendant admits prior convictions, does not place an unreasonable burden on a defendant's right to testify and does not violate a defendant's right to due process of law. In the present case, the prosecutor followed the correct procedure in cross-examining Johnson about his prior convictions. It was Johnson's own counsel who asked him to identify the offenses for which he had been convicted.
Johnson relies on State v. Santiago, 53 Haw. 254, 492 P.2d 657 (1971), as the basis for his argument that section 90.08 violates his right to due process of law. In Santiago the Supreme Court of Hawaii was confronted with the question of whether impeachment of a defendant's credibility in a criminal case, by showing that he had previously been convicted of first-degree burglary, violates his constitutional right to testify in his own defense. The court concluded that evidence of prior convictions is of only minimal relevance to a witness's credibility and held that to convict a criminal defendant where prior crimes have been introduced to impeach his credibility as a witness violates the accused's constitutional right to testify in his own defense. The present case is factually distinguishable from Santiago. Furthermore, we decline to follow the rationale of the Hawaii court that evidence of prior convictions is only of minimal relevance to a witness's credibility or to adopt the holding of that court that impeachment of the credibility of a criminal defendant violates the due process clause.
As to the other issue included in this appeal, Johnson argues that the trial court erred in failing to instruct the jury on petit larceny, which he contends is a lesser included offense of the crime of grand larceny of a motor vehicle. Section 812.021(2) provides that if the property stolen is a motor vehicle the offender shall be deemed guilty of grand larceny. There is no requirement in the statute that the motor vehicle have any minimum value. Theft of a motor vehicle is grand larceny regardless of the value of the motor vehicle.
We hold that the trial court did not err in refusing to instruct the jury as to petit larceny since there is no lesser included offense of petit larceny to the charge of grand larceny of an automobile. The evidence before the court was that a motor vehicle was stolen. This evidence does not admit of any finding on which the jury might have predicated a finding of petit larceny.
Accordingly, we hold that section 90.08 is constitutional as applied to Johnson and that the trial court correctly refused to instruct the jury as to petit larceny, and we affirm the judgment of the trial court.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.