GRIMES, Acting Chief Judge.
This is a petition for writ of certiorari to review an order prohibiting a state witness from testifying at a criminal trial.
The respondent, Edna Barber, is charged in a two-count information with the crimes of dealing in stolen property and grand theft. Graydon Mitchell is said to be a material state witness who will give testimony linking respondent with the stolen property. Mitchell was arrested for trafficking in cocaine. At the time of his arrest the stolen property which is the subject matter of respondent’s prosecution was found in his possession. Mitchell agreed to cooperate with law enforcement officials under the substantial assistance provisions of section 893.135, Florida Statutes.
Respondent filed a motion to strike the testimony of witness Mitchell on the ground that permitting him to testify *625 would violate her due process rights. Respondent’s motion alleged, among other things, that Mitchell’s testimony was taken through discovery deposition on two occasions and there were marked inconsistencies between the two depositions and inconsistencies with the known facts concerning his involvement in cocaine trafficking. Respondent contended that Mitchell’s deposition testimony raised serious questions as to his credibility.
After a hearing, the court ruled that the state could not call Mitchell as a witness due to the perjurous nature of his testimony. In its order the court specifically held that Mitchell’s testimony given during discovery proceedings was not credible nor believable when weighed in light of the proven facts of the case.
The trial court’s order prohibiting Mitchell from testifying constituted a departure from the essential requirements of law. The state would have no adequate remedy by appeal because the state could not appeal a verdict of innocence. The law is well established that credibility of a witness and the weight to be given his testimony are matters exclusively within the province of the jury. Johnson v. State, 380 So.2d 1024 (Fla.1979). In this case the lower court short-circuited the factfinding process of the jury by holding that Mitchell’s testimony was not credible before he even testified at the trial. Section 90.608, Florida Statutes (1983), dealing with impeachment, provides a remedy to cope with witnesses who have made inconsistent statements. The court’s ruling in this case violated the constitutionally provided system of factfinding for criminal trials.
Accordingly, we grant certiorari and quash the lower court’s order prohibiting Mitchell from appearing as a witness in the trial of this cause.
CAMPBELL and LEHAN, JJ., concur.