ADKINS, Justice,
dissenting.
I dissent.
In State v. Getz, 435 So.2d 789 (Fla.1983), we held that value is not an element of the offense in regard to items specifically enumerated in section 812.014(2)(b) Florida Statutes. This view is consistent with former larceny statute, section 812.021(2), Florida Statutes (1975), under which we found that “[t]heft of a motor vehicle is grand larceny regardless of value.” Johnson v. State, 380 So.2d 1024 (Fla.1979).
Thus, in Getz we agreed with the state’s argument that a firearm is a firearm regardless of value and in Johnson, we agreed with the state’s argument that a motor vehicle is a motor vehicle regardless of value. Unfortunately, this Court is now accepting the state’s argument that a motor vehicle is a motor vehicle, regardless of value, only when we want it to be. In so doing, the majority of this Court is ignoring a fundamental rule of statutory construction: that criminal statutes are to be construed strictly in favor of the person against whom a penalty is to be imposed. Ferguson v. State, 377 So.2d 709, 711 (Fla.1979).
Further, the majority misinterprets the legislative intent of section 812.014(2), Florida Statutes. When the legislature added section 812.014(2)(a) to cover property stolen of value of $20,000 or more it could have easily added qualifying language to cover the theft of an expensive motor vehicle or firearm, e.g., “notwithstanding subsections (b)3 or (b)4”, or “theft of a firearm or motor vehicle shall constitute grand theft in the second degree unless the firearm or motor vehicle has a value of $20,000 or more.” The legislature did neither of these, so its intent that the theft of a motor vehicle be treated as a second-degree grand theft is clear.
BOYD, C.J., and SHAW, J., concur.