581 So.2d 1339 (1991)
Brian Leslie SHAARA, Appellant,
v.
STATE of Florida, Appellee.
No. 90-758.
District Court of Appeal of Florida, First District.
May 13, 1991.
On Motion for Rehearing July 18, 1991.
*1340 Barbara Linthicum, Public Defender, and Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Brian Shaara appeals a final judgment adjudicating him guilty of one count of grand theft of an automobile, one count of kidnapping with a weapon, three counts of sexual battery while armed with a weapon, and one count of attempted robbery with a deadly weapon. Appellant raises three points. We find no error in the points concerning the prosecutor's argument and the sufficiency of the evidence to prove grand theft. The state properly concedes error regarding the adjudication of guilt of three counts of sexual battery with a deadly weapon, charges not made by the amended information; but we agree with the state that the trial court, pursuant to section 924.34, Florida Statutes (1989), is authorized to enter convictions for sexual battery with threat of serious force as a necessarily lesser-included offense.
The amended information charged Shaara with one count of grand theft of an automobile (§ 812.014, Fla. Stat.), one count of armed kidnapping (§§ 775.087(1) and 787.01, Fla. Stat.), three counts of sexual battery with threatened use of force or violence likely to cause serious injury (§ 794.011(4)(b), Fla. Stat.), and one count of attempted robbery with a weapon (§§ 812.13 and 777.04, Fla. Stat.).
The evidence proved that Shaara got into a car in which the victim was sitting, drove the car to a wooded area, held the cutting edge of a knife to her wrist and told her that "this is a rape," ordered her to remove her clothes, and then forced her to have sexual intercourse with him at least three times. At some point during the incident, Shaara put the knife away, but he threatened to get the knife out again each time the victim resisted. For reasons not explained nor made apparent in the record, the jury instructions on the sexual battery *1341 counts, prepared by the state and approved by defense counsel and the court, were phrased in terms of sexual battery by use of a deadly weapon, an offense proscribed by section 794.011(3), Florida Statutes, rather than the offense actually charged. The verdict form described the charges under counts III, IV, and V as sexual battery "while armed with a deadly weapon." The jury returned a verdict of guilty on all counts and the trial court entered judgment in accordance with the verdict.[1]
Shaara's first point complains that improper remarks made by the prosecutor during closing argument deprived him of his right to a fair trial by an impartial jury. While some of these remarks, discussed below, were undoubtedly improper, none of them amounted to reversible error.
Appellant argues the impropriety of the prosecutor's comments that the victim cried during cross-examination when she recalled the events that took place. However, the record indicates that the prosecutor's comments were invited by the defense's previous statements during argument that the victim did not cry when she recalled certain matters, and thus are not grounds for reversal. Clark v. State, 363 So.2d 331, 335 (Fla. 1978).
Shaara next complains that the prosecutor's comment to the jury to consider what the victim had gone through and was now going through amounted to an improper "golden rule" argument. We disagree; the prosecutor did not ask the jurors to place themselves in the victim's position, Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), nor to think how they would feel if the crime happened to them, Lucas v. State, 335 So.2d 566 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980). See also Bullard v. State, 436 So.2d 962 (Fla. 3d DCA 1983), rev. denied, 446 So.2d 100 (Fla. 1984).
Shaara complains of the following comments by the prosecutor:
It would appear that the only thing he forgot maybe in the whole story is at the end of the time he gave her a hundred dollars or something for a good time. He left that part out of the story 
We agree under the circumstances shown by the record that these comments were improper because they could have unfairly and adversely affected the jury's impartiality and disparaged his defense of consent. However, we do not consider the comment reversible error, because the trial court sustained the defense objection thereto and instructed the prosecutor to confine his argument to the evidence. Shaara did not move to strike that comment from the record and request a curative instruction when he made his objection and motion for mistrial. Palmer v. State, 486 So.2d 22, 23 (Fla. 1st DCA 1986). See also Harper v. State, 411 So.2d 235 (Fla. 3d DCA 1982). We also agree that the prosecutor's comment that the victim was asking the jury for justice was similarly improper. Harper v. State, supra; Edwards v. State, 428 So.2d 357 (Fla. 3d DCA 1983). However, again Shaara did not move to strike and request any curative instruction when he made his objection and motion for mistrial based on that comment. Neither of these two comments, taken in context, was sufficiently grievous that the prejudice attributable to them could not have been cured by striking the remarks with curative instructions at the time.
Appellant also argues that, after the prosecutor had shown that Shaara had prior criminal convictions, the trial court erred in allowing the prosecutor to identify and comment to the jury on the nature of those prior convictions. This was not error under the particular circumstances in this case, however. Where a defendant takes the stand and thereby places his credibility in issue, it is proper for the prosecutor to suggest that the jury may consider the defendant's previous convictions in determining his credibility. Patterson v. State, 512 So.2d 1109 (Fla. 1st DCA 1987); Wilkins *1342 v. State, 383 So.2d 742 (Fla. 4th DCA 1980). Normally, the prosecutor is allowed to inquire only as to the number of prior convictions and is not permitted to ask the defendant to identify the particular crimes for which he was convicted. Johnson v. State, 380 So.2d 1024 (Fla. 1979). But where, as in this case, the defendant has volunteered information about the nature of those crimes on his redirect examination, his testimony is to be considered and weighed the same as any other witness, and argument directed at what the defendant says and does is entirely appropriate. See Johnson v. State, supra (no due process violation where the prosecutor followed the correct procedure in cross-examining the defendant about his prior convictions, and the defendant's own attorney asked him on redirect examination to identify the offenses for which he had been convicted); Mead v. State, 86 So.2d 773 (Fla. 1956) (once a defendant elects to testify, his testimony is to be weighed the same as any other witness, and argument directed at what he says and does is justified).
Shaara next contends that the circuit court erred in convicting him of sexual battery with a deadly weapon, an offense defined in section 794.011(3), because counts III, IV, and V, did not charge that offense. That offense is a higher degree felony than sexual battery with threat to use force likely to cause serious personal injury, the offense defined in section 794.011(4)(b) and charged in each of those counts.[2] The state correctly concedes error on this point. See State v. Gray, 435 So.2d 816 (Fla. 1983).
The parties completely disagree, however, as to the proper remedy to correct this error. Shaara contends that we must reverse his convictions on those three counts and remand for a new trial. The state contends that we have authority under section 924.34, Florida Statutes (1989), to order the lower court to enter judgments of conviction for sexual battery with serious threat of force as charged in the amended information, since the evidence presented at trial supported Shaara's conviction of those offenses. Unfortunately, the answer to this question is not clearly discernible as it should be under carefully drawn criminal statutes.
Section 924.34, Florida Statutes (1989), provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
In Gould v. State, 577 So.2d 1302 (Fla. 1991), the supreme court recently construed this statute as expressly and unambiguously applying only to "a lesser offense necessarily included in the offense charged" (category one lesser-included offense) and rejected the argument that the statute applies equally to permissive lesser-included offenses that are supported by the accusatory pleadings and evidence adduced at trial (category two lesser-included offense).[3] In Gould, the defendant was charged with sexual battery on a victim physically helpless to resist under section 794.011(4)(a), Florida Statutes (1985), and he requested jury instructions on several lesser-included offenses of sexual battery on a physically helpless victim, including sexual battery by use of force not likely to cause serious injury under section 794.011(5). The trial court denied the request and instructed the jury only on the charged offense and simple battery as a lesser-included offense. The defendant was convicted of the charged offenses. Because the convictions were not supported by the *1343 evidence, the district court reversed the sexual battery convictions under section 794.011(4)(a) and directed the trial court to adjudicate the defendant guilty of sexual battery under section 794.011(5) as a necessarily included offense, citing section 924.34 as authority. Gould v. State, 558 So.2d 481 (Fla. 2d DCA 1990). The supreme court quashed the district court's decision, holding that section 924.34 applies only to necessarily lesser-included offenses, i.e., offenses sharing common statutory elements. Looking at the statutory elements of both offenses, the court concluded that section 794.011(5) was not a necessarily included lesser offense of section 794.011(4)(a), because "a section 794.011(4)(a) sexual battery can be proven without proving the actual use of force" as required under section 794.011(5). 16 F.L.W. at S213. The supreme court further stated:
For section 794.011(5) sexual battery to be a necessarily included offense of the major offense of section 794.011(4)(a) sexual battery, all the elements of section 794.011(5) must also be the elements of section 794.011(4)(a). Where "the burden of proof of the major crime cannot be discharged [] without proving the lesser crime as an essential link in the chain of evidence," the lesser offense is a necessarily included lesser offense of the major offense. Brown v. State, 206 So.2d 377, 382 (Fla. 1968).
Since Shaara's appeal involves offenses of sexual battery under sections 794.011(3) and (4)(b), and since the material facts are distinguishable from those in Gould, that case is not necessarily dispositive of the issue now before us.
We hold that Shaara's convictions for sexual battery with a deadly weapon under section 794.011(3) necessarily determined the essential statutory elements of sexual battery by threats to use force likely to cause serious personal injury under section 794.011(4)(b), and that this court has authority under section 924.34 to reverse the erroneous convictions and remand with directions to adjudicate Shaara guilty of the lesser offense on each of those counts. We recognize that the Florida Standard Jury Instructions in Criminal Cases 290 (1989) indicate that sexual battery with serious threat of force (a section 794.011(4) offense) is a category two lesser-included offense of sexual battery with a deadly weapon (a section 794.011(3) offense). However, it is apparent from a comparison of the statutory elements of each offense that proof of the statutory elements of a section 794.011(3) sexual battery offense necessarily carries with it proof of the essential statutory elements of a section 794.011(4)(b) sexual battery as an essential link in the chain of evidence.
Section 794.011(3) provides in pertinent part:
A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury is guilty of a life felony... .
(Emphasis added). Section 794.011(4)(b) provides in pertinent part:
A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, under any of the following circumstances is guilty of a felony of the first degree ...
* * * * * *
(b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute the threat.
(Emphasis added). According to the Florida Standard Jury Instructions in Criminal Cases 117-119(a) (1987), section 794.011(3) and section 794.011(4)(b) share the following identical statutory elements:
1. (Victim) was twelve years of age or older.
2. a. [(Defendant) committed an act [upon] [with] the (victim) in which the sexual organ of the [(defendant)] [(victim)] penetrated or had union with the [anus] [vagina] [mouth] of the [(victim)] [(defendant)].]

*1344 b. [(Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
* * * * * *
4. The act was done without the consent of (victim).
The only elements of the two offenses not stated in identical language are the third elements. The third element of a section 794.011(3) offense reads:
3. (Defendant) in the process
a. [used or threatened to use a deadly weapon.]
b. [used actual physical force likely to cause serious personal injury.]
(Emphasis added). The third element of a section 794.011(4)(b) offense reads:
3. b. [(Defendant) coerced (victim) to submit by threatening to use force or violence likely to cause serious personal injury and (victim) reasonably believed that (defendant) had the present ability to execute the threat.][4]
(Emphasis added). Comparing the third elements of each offense, it is evident that proof of the use or threatened use of a deadly weapon (the criminal conduct of which Shaara was found guilty by the jury verdict) or the use of physical force likely to cause serious personal injury under section 794.011(3) necessarily carries with it inherent proof of threats to use force or violence likely to cause serious personal injury and the defendant's present ability to execute that threat. One cannot use or threaten to use a deadly weapon without overtly or implicitly making threats to use force or violence likely to cause serious personal injury with the apparent present ability to execute such threat. Likewise, one cannot use physical force or violence likely to cause serious personal injury without first overtly or implicitly making threats to use force or violence likely to cause serious personal injury with the apparent ability to execute such threat. In both instances, the presence of the deadly weapon or the use of force necessary to the consummation of the more serious offense under section 794.011(3) also evidences a threat to use force or violence as well as the apparent ability to execute the threatened use of force or violence in violation of section 794.011(4)(b).[5] It follows, therefore, that section 924.34 provides authority to direct that Shaara be convicted of offenses under section 794.011(4)(b) upon remand.
Shaara's third point contends that his conviction for grand theft of an automobile must be reversed because the state failed to present evidence of value. This argument is predicated on the fact that the amended information alleged a certain value of the stolen automobile and thus placed value in issue at trial. We find no merit to this contention.
Section 812.014(2)(c), Florida Statutes (1989), provides that: "It is grand theft of the third degree and a felony of the third degree ... if the property stolen is ... [a] motor vehicle." No provision of that statute requires the state to prove the value of the automobile. The supreme court has held that where "the property stolen is a motor vehicle the offender is guilty of grand larceny," because "[t]here is no requirement in the statute that the motor vehicle have any minimum value. Theft of a motor vehicle is grand larceny regardless of the value of the motor vehicle." Johnson v. State, 380 So.2d 1024, 1026 (Fla. 1979). The prosecutor in this case conceded at trial that inclusion of the value of the motor vehicle in the amended information was due to a scrivener's error, and the trial court struck the allegations of value from the information after the prosecutor *1345 stipulated that the state was seeking a third degree felony in count I. For this reason, the state was not required to prove the value of the automobile.
We also reject Shaara's contention that this error in the information requires retrial of this count. He has not demonstrated that he suffered any prejudice from the court's correction of the error during trial, and the amended information clearly informed Shaara that the state was charging him with grand theft of an automobile in count I. See State v. Dilworth, 397 So.2d 292, 294 (Fla. 1981) (information is legally sufficient "if it expresses the elements of the offense charged in such a way that the accused is neither misled or embarrassed in the preparation of his defense, nor exposed to double jeopardy").
The convictions of counts I, II, and VI are without error and are affirmed. The convictions of counts III, IV, and V are reversed and the cause remanded with directions to enter convictions under each of those counts for the charged offense of sexual battery with threats to use force likely to cause serious personal injury under section 794.011(4)(b). Resentencing as to those counts is unnecessary, because there would be no change in Shaara's life sentence, since he was properly sentenced as a habitual violent felony offender pursuant to section 775.084(4)(b), Florida Statutes (Supp. 1988).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BOOTH and WOLF, JJ., concur.

ON MOTION FOR REHEARING
Appellant's motion for rehearing raises several issues. The motion is denied on all grounds alleged therein except one.
Appellant contends that our opinion erroneously recites that he was sentenced as a "habitual violent felony offender," whereas the judgment and sentence recite only that he is being sentenced as a "habitual offender." Upon further review of the record, we note that while the state sought sentencing as a habitual violent felony offender, the court stated during the sentencing hearing that appellant was being sentenced as a habitual felony offender. No mention is made of the state's request for sentencing as a violent felony offender. Nor is there any mention in the transcript of the hearing or in the judgment and sentence that appellant is required to serve any minimum mandatory imprisonment, which would be the case if he were sentenced as a habitual violent felony offender. Accordingly, the motion for rehearing is granted in part, and the word "violent" is hereby struck from the reference to "habitual violent felony offender" in our opinion.
BOOTH and WOLF, JJ., concur.
NOTES
[1] The sentencing transcript indicates that the court orally convicted Shaara on count III of "sexual battery by threat of great force or serious bodily harm" as charged in the information, but convicted him of sexual battery "while armed with a deadly weapon" on the other two counts. The judgment recites convictions of the latter offense on all three counts, however.
[2] The offense defined in section 794.011(3) is a life felony, while the several offenses defined in section 794.011(4) are felonies of the first degree.
[3] Cf. Wilcott v. State, 509 So.2d 261 (Fla. 1987) (court can look at the information and evidence, rather than the statutory elements of the offenses, in determining whether the lesser-included offense was a permissive lesser-included offense).
[4] Paragraph 3(b) of the instruction corresponds to the offense defined in section 794.011(4)(b). The other subparagraphs of this standard jury instruction define the elements of different offenses corresponding to the other subparagraphs in section 794.011(4).
[5] Perhaps one could postulate bizarre circumstances where the actual use of force would not necessarily carry with it any threat of action, such as when the victim is rendered unconscious, is thus unaware of the attack, and is incapacitated to resist; but that situation would be covered directly under section 794.011(4)(f) rather than the two statutes now under consideration. We construe section 794.011(3) as applying only in circumstances where the victim is aware of the attack.