KLEIN, Judge.
Defendant appeals a conviction of aggravated battery, arguing that the trial court erred in its preliminary instructions to the jury. We affirm.
The challenged instruction and the one which preceded it were as follows:
Now, sympathy is never an element of any crime. We do not want sympathetic jurors. We do not want jurors basing their decision on sympathy. We ask you to leave your sympathy outside the courtroom and bring your common sense into the courtroom.
We don’t want sympathy for the Defendant. We doesn’t [sic] want sympathy for the victim. We doesn’t [sic] want sympathy for the witnesses. We want sympathy for nobody.
I draw a distinction between sympathy and empathy. Sympathy is where you feel sorry for someone. We don’t want jurors who are going to do that. Empathy, on the other hand, is where you put yourself in somebody’s else’s shoes so you can better appreciate what they’re thinking, what they’re feeling, what they’re perceiving. I have no problem with your being empathetic. Major problem with your being sympathetic.
Defendant argues that the last paragraph of the instruction was the equivalent of the prosecutor making a golden rule argument, i.e., asking the jurors to put themselves in' the position of the victim. Shaara v. State, 581 So.2d 1339 (Fla. 1st DCA 1991).
We conclude that this instruction was not reversible error for several reasons. This aggravated assault conviction arose out of a street fight between two women, one having accused the other of “messing around” with the father of her children. It was not a factual situation which would arouse sympathy for the victim, who was much larger than the defendant. Moreover, the court instructed the jury not to be sympathetic for the defendant, the victim, or the witnesses. The empathy instruction, which immediately followed, could not have been construed by the jurors to be more applicable to the victim than the defendant or the witnesses.
*844 We do not, by this affirmance, however, approve this instruction. Since a prosecutor is precluded from suggesting that jurors put themselves in the shoes of the victim, the possible harm by this instruction being given outweighs any possible usefulness. We therefore recommend against its being given in the future.
Finding no merit in appellant’s second point on appeal, we affirm the conviction.
STONE and POLEN, JJ., concur.