Certain Lands in Putnam County, *et al.,* v.
East Palatka Drainage District.

149 So. 766.
Division A.
Opinion filed September 14, 1933.

*C. S. Green, P. B. Huff* and *George B. Everson,* for Appellants;

*Fullerton & Gillespie,* for Appellee.

Terrell, J.—This is a suit by East Palatka Drainage District to enforce the collection of delinquent drainage taxes for the years 1923 to 1928, both inclusive. Sections 1120 and 1121, Revised General Statutes of 1920, Sections 1473 and 1474, Compiled General Laws of 1927, are the supporting statutes on which the suit is predicated. Numerous defendants were named, demurrers to the bill by some of them were overruled, and this appeal is from the decree overruling said demurrers.

It was first contended that the bill is multifarious and

cannot be sustained because brought against ninety-eight or more defendants of varying interests.

The rules governing the enforcement of drainage taxes are not analogous to those regulating the enforcement of State and county taxes. The drainage tax is imposed under the Act challenged by the board of supervisors of the drainage district on the basis of benefits and must be such portion of the benefits as amounts to the cost of the improvement. It is collected in annual installments, each installment being a portion of the total tax levy. Sections 1114 and 1115, Revised General Statutes of 1920, Sections 1467 and 1468, Compiled General Laws of 1927, being the applicable law on this point. Under Sections 1120 and 1121, Revised General Statutes of 1920, *supra,* we find ample authority for the instant suit. It is in the interest of economy and in fact we find no basis in law supporting the objection raised to it.

The criticism that one owner will be required to suffer the difficulties and troubles of all the other owners in a composite suit like this, whether effected or not, is also without support as this objection is fully met by Section 1121, Revised General Statutes of 1920, *supra,* in that it authorizes the Court to proceed to final judgment as to any defendant though the issues raised as to any other defendants may not be in a position to be finally adjudicated. In other words the fact that all defendants are joined in one suit does not prevent the Chancellor from proceeding to finally adjudicate the rights of any defendant as soon as the issues are matured as to him.

It is next contended that Chapter 6458, Acts of 1913, Section 1094, *et seq.,* Revised General Statutes of 1920, Section 1447, *et seq.,* Compiled General Laws of 1927, being the general drainage law under which appellee was created,

is unconstitutional and void in that, by providing for the organization of drainage districts by the decree of the Circuit Court, it delegates legislative authority to the judiciary. To support this contention appellant relies on Burnett, *et al.,* v. Green, 97 Fla. 1007, 122 So. 570.

Appellant is mistaken in its interpretation of Burnett v. Green. It is true that the identical question was raised in that case that is raised in this assignment but a majority of the Court did not hold the Act involved bad. On the other hand the constitutional validity of the general drainage law has been clearly settled in favor of its validity contrary to the contention of appellant. McMullen v. Newmar Corporation, *et al.,* 100 Fla. 566, 129 So. 870. Burnett v. Green, 105 Fla. 35, 144 So. 205.

Other questions raised have been examined carefully but we find that they have been so well settled by a long line of judicial decisions contrary to the contention of appellants that a discussion of them would be superfluous and would serve no useful purpose.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

DAVIS, C. J., WHITFIELD and BUFORD, J. J., and JOHNSON, Circuit Judge, concur.

ELLIS, J., disabled by illness when this case was submitted.