JOHN HARVEY v. STATE.

176 So. 439.

Division A.

Opinion Filed September 20, 1937.

Rehearing Denied October 27, 1937.

290

*S. T. Sistrunk, C. E. Armstrong* and *Scofield & Scofield,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—We review on writ of error judgment of conviction under an Information charging as follows:

"That John Harvey, late of the County of Marion and State of Florida, on the 10th day of October in the year of our Lord One Thousand Nine Hundred and Thirty-six, with force and arms at and in the County and State aforesaid, did unlawfully take, steal and carry away a bull calf, a more particular description of which, is to the State Attorney unknown, of the property of John Hagins; contrary to the form of the Statute in such cases made and provided and against the Peace and Dignity of the State of Florida."

Motion to quash was denied and the State required to furnish bill of particulars, as follows:

"Comes the State of Florida, by its Assistant State Attorney, in compliance with the order of the court heretofore entered on this date, on the motion by the defendant for a bill of particulars, and says:

"1. That the approximate weight of the calf alleged to have been stolen was 175 pounds on foot.

"2. That the approximate age of the said calf alleged to have been stolen was three months.

"3. That the color of the said calf alleged to have been stolen was light red with white spots."

The allegations of the Information with contents of the Bill of Particulars were sufficient. See Montgomery v. State, 100 Fla. 782, 130 Sou. 34; Tucker v. State, 100 Fla. 1440, 131 Sou. 327.

Plaintiff in error has stated twenty-five questions for our consideration. The first, challenging the sufficiency of the information, we have hereinabove disposed of. Many of the questions are but restatements of other questions and may be disposed of without separate discussion.

The second question challenges the sufficiency of the evidence to sustain the verdict. The evidence was circumstantial, but it meets the rule in such cases and was sufficient to exclude every reasonable hypothesis, except that of defendant's guilt. No good purpose can be served by delineating the testimony in this opinion. See Driggers v. State, 96 Fla. 232; Gant v. State, 114 Fla. 23, 152 Sou. 710.

The third question challenges the action of the court in admitting in evidence the testimony of certain witnesses as expert cattlemen and butchers. Each of the witnesses referred to showed himself to be an expert by many years of experience in the line of business and occupation, and that his experience had been such and the knowledge so acquired was such as to qualify him to testify as an expert in regard to the matters about which he testified. In A. C. L. R. R. Co. v. Dees, 56 Fla. 127, 48 Sou. 28, it was held:

"When a witness is offered either as an expert or a skilled witness, it is for the trial court to determine whether or not the witness has been shown to possess the requisite qualifications and special knowledge to warrant his so testifying and the decision of such trial court is conclusive upon this point, unless it appears from the transcript to have been erroneous, or to have been founded upon some error in law."

Questions Four and Five challenge the action of the court in allowing the skin of a calf to be exhibited before the jury and admitted in evidence. The skin was positively

identified as the skin of the calf described in the Information and Bill of Particulars and was found on defendant's premises under like facts and conditions as those which were shown to have obtained in reference to a cow hide introduced in evidence in the case of Carlton v. State, 111 Fla. 795, 149 Sou. 766.

The Sixth question challenges the action of the court in allowing, over the objection of defendant, two Assistant State's Attorneys to participate in the conducting of the trial. There is no merit in this contention. See Jerry v. State, 99 Fla. 1330, 128 Sou. 807.

The Seventh question challenges the action of the court in permitting more than one of the State's Attorneys to participate in the examination of witnesses. This is a matter which is regulated by court rule and the rule may be relaxed whenever the trial judge sees fit to follow such course. The rule itself, No. 52, contemplates that the court may permit its non-observance.

Questions Eight, Nine, Eleven and Twelve each challenge the action of the court in allowing four certain witnesses each to testify to conversations had with the defendant in jail after he had been arrested in connection with the offense charged. Each of these witnesses testified that in the conversations referred to the defendant made statements about the matter under consideration against his interest and contrary to facts proved to be true. It was shown to the satisfaction of the trial judge that such statements were freely and voluntarily made. The statements were admissible under the rule as stated in the case of Palmer v. State, 100 Fla. 237, 145 Sou. 69, and authorities there cited.

The Tenth question is grounded on what transpired during the trial when witness Hall was testifying as a witness for the State, as follows:

"By Mr. Smith:

"Q. What did you do then, after going to the store, where did you go next?

"A. Over to Ben Bagley's place of business.

"Q. What did you do over there?

"By Mr. Scofield: To which the defendant objects, because anything that Ben Bagley might have said or done would not bind this defendant.

"By the Court: The objection is overruled.

"Witness: A. We went to Ben Bagley's place of business and tried to sell him some beef.

"By Mr. Scofield: We move to strike the answer because it is irrelevant and immaterial to any issue involved in this case, and it is not any evidence against this defendant.

"By the Court: The objection is sustained. Gentlemen, you are instructed that the answer of the witness to the last question propounded to him has nothing to do with the issues before you at this time."

Certainly, the record reflects no error in this regard.

The Thirteenth question is not tenable because it is not supported by the record. Charge No. 7 was as follows:

"Admissions and confessions, if you find there has been any in this case, may be received by you as testimony, but you should receive them with extreme caution. Especially should you weigh them carefully and with a great deal of caution if they are made after the defendant has been incarcerated in jail. All confessions and admissions if made in this case must be received and should be received with a great deal of caution in your consideration of the case."

This language is not to be construed as a statement by the Court that "admissions and confessions" had been made, but was a charge advising the jury how the evidence of such

admissions and confessions should be considered *if the jury should find that* admissions and confessions had been made.

The Fourteenth question challenges the eighth charge given by the Court, as follows:

"It is the law that a lay witness may not give his opinion upon testimony of what he thinks to be fact, but that law does not reach out to all persons. When a person has qualified as an expert then he may give his opinion and his testimony is allowed to be received as expert testimony, then and then only you may receive his opinion in the cause you are trying.

"(By Mr. Scofield: I would like for the Court to go a little further than that and show that the testimony is only received for the purpose of giving the opinion of the witness.)

"(By the Court: I think I have made it clear.)"

The charge was correct and no error is shown in this connection.

The same observations apply to the contentions presented by the Fifteenth and Sixteenth questions which challenge the ninth charge. The charges did not assume that defendant was in possession of recently stolen property. Whether or not he had been found in possession of recently stolen property was left for the jury to determine. The evidence was sufficient to warrant the jury in finding the defendant was found in possession of recently stolen property, a part of that involved in the charge then being tried.

The remaining questions challenge the action of the court in refusing to instruct the jury as requested by the defendant in several prepared, presented and requested instructions. No useful purpose can be served by quoting the requested instructions. We have given each of them careful consideration and find that those which properly enun-

ciated principles of law applicable to the facts in this case had been adequately covered in the general charge and the others were properly refused as being inapplicable to the factual conditions, or not stating sound legal instructions.

We find no reversible error and the judgment should be and is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.