196 So.2d 477 (1967)
Mae Bess ROCHELLE and James W. Hickman, Appellants,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Lake County, a Political Subdivision of the State of Florida, Appellees.
No. 7190.
District Court of Appeal of Florida. Second District.
March 15, 1967.
Rehearing Denied April 10, 1967.
*478 Hunter & Pattillo, Winter Park, and Pattillo, MacKay & McKeever, Ocala, for appellants.
P.A. Pacyna, Tallahassee, for appellees.
PHILLIPS, CHARLES M., Associate Judge.
Appellant land owners filed a timely Appeal from a Final Judgment entered in an eminent domain proceeding.
Fundamental to retaining a clear picture of the posture of the instant case is the realization that this case is the second of two completely separate and distinct condemnation cases having as their respective subject matter the acquisition of parcels legally autonomous and separated chronologically in their acquisition by the State Road Department. The first condemnation, not under consideration here, was for right-of-way for the Florida State Turnpike. Thereafter, the instant case had as its purpose acquisition of lands of the respondents for the construction of an interchange at the intersection of the Turnpike and State Road 19.
The first witness for the respondents was Mae Bess Rochelle, one of the respondent land owners, who was permitted to testify without objection that she had bought her property for speculation because of information that the Turnpike exit would be located at the site. Her information was better than her fortune with the jury because the interchange eventually was located partially on her parcel of land, but the jury gave the respondents less than what they paid for their property. Since no objection was made to this testimony and it is not one of the points on appeal, it does not aid in a determination of the cause, but it is worthy of comment that testimony regarding speculation is not proper evidence for a jury to consider in an eminent domain proceeding because it may tend to detract from the central issue of the value of the land at the time of the taking.
Lester Huey was one of the court-appointed appraisers, and the defense requested permission to call him as a hostile witness. This request was properly denied. The defense then called Huey as their witness, at which time he testified, among other things, that he had been a court-appointed appraiser. The petitioner's reaction to these forbidden words was to move for a mistrial. Since the Court wisely did not permit the witness Huey to testify further, the Court properly denied this motion.
Thereafter, the defense called to the witness stand Warren Hunnicutt as an expert witness in the field of appraisal. Mr. Hunnicutt testified that he considered the property in issue comparable with properties situated at Yeehaw Junction and at Ft. Pierce, through both of which locations the Florida State Turnpike passes. The Court at first sustained the objection to testimony by the witness regarding properties outside of Lake County. We feel that a valid exception to any more restrictive rule regarding the remoteness of properties used by an appraiser as examples of sales comparable to the property in issue is the circumstance of the instant case wherein a turnpike is concerned. This is for the reason that turnpikes by definition are designed to traverse vast areas with a minimum of interchanges, hence, properties with comparable physical characteristics are further removed geographically each from the other than are physical circumstances *479 of parcels bordering highways or traffic arteries to which access by traffic is unrestricted. The able trial Judge relented to permit testimony regarding property at Yeehaw Junction, which is near the border of Indian River and Osceola Counties. We think that he should have further relented and considered as competent, testimony regarding the parcel at Ft. Pierce, thus leaving to the jury the task of considering the weight of this particular testimony.
After permitting the jury to hear the witness' testimony about the Yeehaw Junction property, the Court then sustained petitioner's objection to all of the testimony from this particular witness and ordered it stricken from the record upon the ground that the witness evaluated the Yeehaw Junction property on the basis of capitalization of a lease, which existed upon the property.
This is the central issue, the resolution of which is determinative of the cause on appeal. It is our view that the method of evaluation used by an appraiser-expert witness is not a matter relating to the competency of his testimony to be ruled upon by the trial Judge unless the method used by the witness is so totally inadequate or improper that adoption of the method would require departing from all common sense and reason or would require adoption of an entirely new and totally unauthenticated formula in the field of appraising. As other fields of knowledge have become more sophisticated, the fundamentals of appraising have matured by embracing new but valid and reliable formulae. We think that the capitalization of leases is within the latter category so that the testimony of the witness should have been tested by the jury for its weight rather than excluded by the trial Judge on the basis of competency. The vehicle for accomplishing this result is to reverse the trial court and remand the cause for new trial, which is hereby done.
Even though it is not necessary to the decision of this Court, it may nevertheless be helpful to observe that the remark of the attorney for the petitioner, to-wit: "If this is such a valuable piece of land, why is nothing out there yet?", was improper because the issue being tried was the value of the land at the time of the taking.
Reversed.
ALLEN, C.J., and SHANNON, J., concur.