SPECTOR, Chief Judge.
Appellant seeks review of a final judgment in condemnation vesting in appellee easements to realty belonging to appellant, and awarding compensation to the latter therefor. The purpose of this taking was the erection of the electric transmission lines by appellee.
The focal issue on appeal is the admissibility of appellant’s testimony relating to severance damages to her remaining property. This testimony consisted of describing sales of realty (adjacent to transmission lines) in Volusia and Orange Counties in order to demonstrate a probable decrease in the value of appellant’s property remaining after the taking. She urges that no similar sales in Duval County were found; and that the rule of law allowing consideration of comparable situations located some distance away therefore is applicable to authorize the admission of the foregoing testimony.
We agree with the lower court’s exclusion of the proffer, and we quote with approval his explanatory ruling thereon:
“Transmission lines built on easements such as petitioner [appellee] seeks to condemn herein leaving a fee, leaving fee land on each side are not so unique as to allow the proffered testimony as to damages to the remainder of land * * * based on value of land located in counties approximately 100 and 200 miles, respectively, from Duval County; therefore, the Rochelle vs. State Road Department case found in 196 So.2d 477 [Fla.App.] would not apply because that case turned on the uniqueness of the interchange being sought to be built along the turnpike.”
It is clear that the unique nature of a turnpike interchange in Lake County, Florida, does not find its counterpart by analogy in realty adjoining or in the vicinity of an electric power transmission line in heav *653 ily populated and industrialized Duval County.
Accordingly, the judgment appealed is affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.