RAWLS, Chief Judge
(specially concurring).
Dawna M. Pozin, Nathan Pozin, Jean Pozin and Lena Finkel, as trustees, appeal from a final judgment entered by the Circuit Court for Suwannee County in this eminent domain action.
It is my view that the sole question presented for our determination in this appeal is whether the trial court erred in refusing to strike the testimony of the con-demnor’s appraiser.
The subject property involves 3.2 acres of a 20-acre parcel taken by the condemnor within an 1-10 interchange located in Su-wannee County, Florida. Appellants and appellee proffered the testimony of one expert witness as to market value of the property being appropriated. Appellants’ expert witness utilized as comparable sales two property transactions in May, 1966, which were within the proposed interchange area. One of the transactions was that of the subject parcel for which appellant Nathan Pozin paid $4,000.00 per acre, and the other transaction concerned a three-acre parcel for which Nathan Pozin paid $5,000.00 per acre. Utilizing these “comparable sales”, appellants’ appraiser opined that the market value for the property taken was the sum of $16,350.00. The condemnor’s market value witness testified that he had utilized some 50 comparable sales in reaching his opinion as to market value which he fixed in the sum of $1,065.-00. The expert rejected the two Pozin purchases as being comparable in arriving at his opinion of the value of the land taken because he was of the view that these sales were not in common with property similarly conditioned. The jury returned a verdict in the sum of $3,356.00, a sum within the range of the testimony.
The trial court denied appellants’ motion to strike the foregoing testimony of the condemnor’s expert witness and denied their motion for a directed verdict solely upon the testimony of their expert appraiser as to value. Of significance is the fact that the appraiser adduced by the landowners did consider the two recent sales made prior to the order of taking in arriving at his estimate of fair market value.
As stated in the majority opinion, the foundation decision concerning the subject being considered is that of Sunday v. Louisville & N. R. Co., supra, which states, inter alia;
“ . . . the law does not deny to the owner any real and reasonable enhancement in the market value of the property to be appropriated by reason of ‘any improvement proposed.’ ” [Emphasis not supplied.]
Of particular significance is a statement in Sunday, supra, that “[i]f the property naturally, or in common with other property similarly conditioned, increases in market value in anticipation of the proposed improvement, before the appropriation, the compensation therefor is the fair actual market value at the time of the lawful appropriation.” In the instant case the lawful appropriation was that of the date of the order of taking, same having been entered on June 16, 1967. Thus, the two *76 sales in the proposed interchange area were made prior to the lawful appropriation and were evidence of values of the property. This brings us to the salient question that must be resolved: was the condemnor’s witness as a matter of law compelled to include these two sales in arriving at his opinion as to the fair market value of the property taken ? I think not.
The condemnor’s expert witness was of the firm conviction that the property taken was “special and peculiar”. It was his opinion that the Pozin sales were based upon prospects for the residual land that would lie outside of the right-of-way at one specific location and not representative of property values in common with other property similarly conditioned. The question is not whether this appraiser was right in rejecting the two controverted purchases ; it is, whether in exercising his professional expertise he had the right to reject same in arriving at his opinion.
In Daniels v. State Road Department, 170 So.2d 846 (Fla.1964), the Florida Supreme Court stated that the question in each case is whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of property in the neighborhood.
In Rochelle v. State Road Department, 196 So.2d 477 (2 Fla.App.1967), the Second District Court of Appeal stated the rule applicable to the instant controversy, viz:
“ . . . the method of evaluation used by an appraiser-expert witness is not a matter relating to the competency of his testimony to be ruled upon by the trial Judge unless the method would require departing from all common sense and reason or would require adoption of an entirely new and totally unauthenticated formula in the field of appraising.”
Appellants rely almost entirely on this Court’s opinion in Anderson v. State Road Department, 204 So.2d 899 (1 Fla.App.1967), [hereinafter referred to as Anderson] for support of their contention that the testimony of the condemnor’s appraiser should have been stricken. This Court noted in Anderson that “[h]e [the expert witness] stated flatly that he did not consider any increase in market value that was ‘influenced’ by the highway project, because he was appraising the properties ‘without any idea of a highway being there.’ ” The foregoing statement by the witness in Anderson flew directly in the face of the pronouncements in Sunday, supra, for as observed by this Court the expert witness in Anderson emphasized that in arriving at his determination, he disregarded any increase in market value in the property to be appropriated by reason of a proposed improvement.
As a general rule the use of any specific comparable sale is to be determined in the judgment of a qualified appraiser in arriving at his opinion whether same is indicative of the value of the land at the time of taking. The landowner is entitled to any increase of the real and reasonable enhancement in the market value in anticipation of the proposed improvement before the appropriation. However, where the property to be appropriated is so peculiarly situated as to receive a special benefit that is not likewise shared by other property similarly conditioned, an appraiser may, in his judgment, reject such transactions as “comparable sales” where it appears such sales were closed in anticipation of peculiar and special enhancement of the value of the property to be appropriated. In the case at bar, it is noted that no testimony was proffered as to any damage to the remainder or as to any severance damage over and beyond the enhancement to the property remaining.
For reasons stated herein, I specially concur in the judgment appealed.