MILLS, Chief Judge.
The City of Pensacola appeals an order of the trial court which found that Capital Realty Holding Company is the owner of a strip of land on Pensacola Bay. We reverse.
The parties stipulated that the property in question was formed by accretion, built up through the years with sand deposited by the natural forces of Pensacola Bay. In a dispute collateral to an eminent domain action, the City claimed title to the land as record title holder by virtue of a 1903 conveyance from the State of Florida. Capital claimed title through the common law doctrine of accretion, which states that the owner of property on a waterway acquires title to adjacent land formed in the waterway by natural accretion. In its order, the trial court found that because Capital owned the property adjacent to the accretion, Capital was entitled to ownership of the accretion.
Capital argues that at the time of the 1903 deed to the City, the land in question lay under water. However, this is not substantiated by the record. The disputed property was one of numerous small parcels of land conveyed to the City by legislative act. The deed contained an exhaustive list of blocks and lots including the disputed property, all described in general terms as “land covered and not covered by water.” The land in question was not specifically described as being covered or not covered by water. Although the parties stipulated the land formed through accretion, the rec-
Therefore, we find insufficient evidence to support Capital’s claim that the doctrine of accretions defeats the City’s record title. Cases cited by Capital are inapplicable because they all contain evidence that the parties’ lands bordered on water. There is no such evidence here. ord does not indicate the land formed after the City acquired its title. We are confronted by a record which demonstrates that the land was formed, at some point, by accretion and that title to the land is held by the City of Pensacola.
Accordingly, the order below is reversed and this case remanded to the trial court for proceedings consistent with this opinion.
McCORD and THOMPSON, JJ., concur.