ROBERT P. SMITH, Jr., Chief Judge.
Coleman appeals from a judgment awarding him $26,555 for the condemnation of his property for roadway purposes. He complains only that the trial court erred in refusing to permit him to adduce before the jury evidence of the damage or destruction of his business as the result of the condemnation proceedings. Section 73.071(3)(b), Fla.Stat. (1979), provides:
Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Division of Road Operations of the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years’ standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause ....
For more than five years before condemnation, but not immediately before, Coleman owned and rented nine trailers and three small houses on the property taken or remaining after the taking. The trial court excluded Coleman’s proffered evidence of business damage, apparently, because Coleman entirely shut down his rental business in 1977, when the County took preliminary steps toward acquiring Coleman’s property but more than a year before condemnation proceedings actually began. The County defends this ruling on the theory that section 73.071(3)(b) requires, as a condition to compensability, that the destroyed or damaged business have existed immediately preceding the date of taking.
While obiter dictum in Hodges v. Div. of Administration, Dept. of Transportation, 323 So.2d 275 (Fla.2d DCA 1975), may support the County’s view, we do not so construe the statute. Rather we consider that *228 the critical question is one of causation: was Coleman’s business of more than five years’ standing damaged or destroyed by a threat of condemnation which later was realized? If so, his loss is compensable under section 73.071(3)(b). On that issue, then, Coleman’s proffer presented a jury question.
Because the jury’s verdict on the value of land taken and damages may have been influenced by economic factors bearing also on alleged business damages, we vacate the entire award and remand for a new trial of all compensation issues.
REVERSED.
McCORD and MILLS, JJ., concur.