417 So.2d 687 (1982)
The CITY OF PENSACOLA, a Municipal Corporation, Appellant,
v.
CAPITAL REALTY HOLDING COMPANY, INC., Appellee.
No. AF-45.
District Court of Appeal of Florida, First District.
March 29, 1982.
Rehearing Denied July 20, 1982.
*688 John W. Fleming, Pensacola, for appellant.
Charles J. Kahn, Jr. and Richard P. Warfield of Levin, Warfield, Middlebrooks, Mabie & Magie, P.A., Pensacola, for appellee.
SHAW, Judge.
This controversy originated as a collateral issue in an eminent domain proceeding in which the trial court found that Capital Realty was the owner of an accreted strip of land. The order was appealed, and this court found that there was insufficient evidence to support Capital's claim that the City's record title was defeated by the doctrine of accretion. The order was reversed and remanded for proceedings consistent with the appellate court's opinion. Upon remand the City moved for the trial court to enter an order in accordance with the mandate of the appellate court and objected to the taking of additional evidence. The motion was denied, and the case was heard by the court sitting without a jury. The trial court found that the land in dispute was submerged beneath a navigable waterway when the City acquired title, and that through natural accretion, the waterway was changed or actually closed. Capital Realty, or its predecessor in title, was the upland owner at the time of the accretion. The court concluded that under the common law doctrine of accretion, the appellee, as upland owner, was entitled to the land.
The following points on appeal are presented for our consideration:
1. Whether the trial court erred in failing to follow the mandate of this court in City of Pensacola v. Capital Realty Holding Company, Inc., 388 So.2d 642 (1st DCA 1981).
2. Whether the trial court misapplied the common law doctrine of natural accretions.
3. Whether the trial court erred by determining that all of the accreted land was owned by Capital Realty.
4. Whether the trial court erred by determining that Capital Realty owns land neither described in its deed nor accreted to the upland owned by Capital Realty.
It is well settled that upon reversal and remand with general directions for further proceedings, a trial judge is vested with broad discretion in handling or directing the course of the cause thereafter. Lucom v. Potter, 131 So.2d 724 (Fla. 1961). We find that the taking of additional evidence upon remand was not an abuse of discretion.
As to Point IV, the parties agree that any presently submerged lands located within the legal description set forth in the order are still held by the City in trust for the public. Capital Realty makes no claim to these submerged lands. The order accordingly is REVERSED as to this issue and REMANDED to the trial judge with directions that his final judgment be modified to reflect the City's ownership in the submerged lots. The order is otherwise AFFIRMED as to all points.
McCORD and ERVIN, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
By motion for rehearing, appellant, City of Pensacola, contends that our decision here is contrary to the rule announced by the Supreme Court in City of Miami v. St. Joe Paper Company, 364 So.2d 439 (Fla. 1978), stating that the Marketable Record Title Act (MRTA) deviates from the common law and that, by applying the common law doctrine of natural accretion in this case and thereby divesting appellant of its record title dating from 1903 to the lands in question, we have cast doubt upon the continued viability of MRTA. Since we did not discuss this contention of appellant in our opinion, we deem it advisable to now do so.
*689 The operative facts relating to this are (1) the State of Florida conveyed the disputed submerged lands to Pensacola in 1903; (2) Capital Realty (and its predecessors in title) own the adjacent uplands; (3) since 1903, portions of the submerged lands, including the lands involved in this suit, have been transformed into uplands by the process of accretion. The two basic questions with which we are concerned here are: (1) Does the MRTA apply to these submerged lands? (2) Does the MRTA supplant the common law doctrine of accretion?
As to the first question, we conclude that the MRTA does apply to perfect title in submerged lands under certain factual circumstances but not under the circumstances of this case. Chapter 712 purports to extinguish all estates, interests, claims or charges on any property owned by "(a)ny person having the legal capacity to own land in the state, who, alone or together with his predecessors in title, has been vested with any estate in land of record for 30 years or more." § 712.02, Fla. Stat. Such a person shall have marketable record title clear of any claims other than seven exceptions expressly set forth in Section 712.03. None of these exceptions are applicable to the question of whether a private owner's title to what had been sovereignty lands is excepted from the operation of the act. Accordingly, we conclude that such title can be perfected under the act but only as against "all estates, interests, claims or charges whatsoever the existence of which depends upon any act, title transaction, event or omission that occurred prior to the effective date of the root of title."[1] (Emphasis supplied.) § 712.04, Fla. Stat. The accretion of this case occurred after the effective date of Pensacola's root of title from the State of Florida.
As to whether the MRTA supplants the common law doctrine of accretion, we note that a statute designed to change the common law must be in clear and unequivocable terms, for the presumption is that no change in the common law is intended unless the statute is explicit in that regard. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). The Supreme Court in Marshall v. Hollywood, 236 So.2d 114, 119 (Fla. 1970), said: "The chief purpose of the (MRTA) is to extinguish stale claims and ancient defects against the title to real property." Subject to the exceptions contained in Section 712.03, the act clears all estates, interests, claims or changes, the existence of which depended upon any act, title transaction, event or omission that occurred prior to the effective date of the root of title. As previously stated, the accretion of this case occurred after the effective date of Pensacola's root of title from the State of Florida. Since the accretion does not involve a defect, the existence of which depends upon an act, title transaction, event or omission, that occurred prior to the effective date of Pensacola's root of title from the State of Florida, the MRTA does not supplant the doctrine of accretion.
The Supreme Court's statement in City of Miami v. St. Joe Paper Company, supra, that the MRTA deviates from the common law has no applicability to this case. That pronouncement does not mean that the MRTA deviates from all common law doctrines. Its only reference is in relation to such doctrines as may conflict with the curative operation of the MRTA.
The motion for rehearing is DENIED.
McCORD, ERVIN and SHAW, JJ., concur.
NOTES
[1] "Root of title" means any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being determined. The effective date of the root of title is the date on which it was recorded. § 712.01(2), Fla. Stat.