668 So.2d 221 (1996)
Rollie L. WEESE and Henry J. Weese, Appellants,
v.
PINELLAS COUNTY, a political subdivision of the State of Florida, Appellee.
No. 94-04428.
District Court of Appeal of Florida, Second District.
January 31, 1996.
Rehearing Denied February 21, 1996.
*222 Suzanne LaBerge of Gruskin & LaBerge, P.A., St. Petersburg, for Appellants.
Carol B. Abernathy, Senior Assistant County Attorney, Clearwater, for Appellee.
RYDER, Acting Chief Judge.
Rollie and Henry Weese claim the trial court erred when it excluded the testimony of their business damage expert during the trial of this eminent domain action. They also challenge the court's refusal to allow Rollie Weese, the former owner of the business, to give his opinion on business damages. We agree with their contentions, reverse and remand for a new trial.
In April 1991, Pinellas County filed an eminent domain petition, seeking to condemn a portion of Rollie Weese's land for a road construction project. Henry Weese owned and operated a business, Guarantee Auto Sales, on the property. The order of taking was entered July 2, 1991. Rollie and the County settled the issue of compensation for the land taken, so a trial was held on the issue of business damages only.
This case centers around the testimony of David A. Salverson, an accountant and the Weeses' business damage expert. After the court qualified him as an expert, the County conducted a voir dire about the date of value used in his damages calculation. The majority of the voir dire took place out of the jury's presence. Salverson testified that he first met the Weeses in the summer of 1992. Although the order of taking had been entered in July 1991, the road construction project had not yet reached Rollie's property. In fact, Guarantee continued to use the condemned property to display cars until September 1993 when construction began in its vicinity. The construction was completed in February 1994. Mr. Salverson testified that although the transfer of title to Pinellas County occurred in July 1991, and was the legal cause of the business damages, actual damages did not occur until completion of the road project in February 1994.
Mr. Salverson stated that the business damages resulted from a loss of automobile display spaces on the land condemned. In order to calculate the amount of damages, he reviewed Guarantee's business records for several years before the 1991 condemnation. He did his own traffic observation in 1992 before construction altered the site and determined that Guarantee would lose twelve of its eighty-seven display spaces as a result of the condemnation. Salverson then examined Guarantee's profits for five years before the date of condemnation and for seven years before the denial of the use of the land taken. He arrived at an annual average profit margin for each display space. He proffered his opinion that the damages would continue ten years. Because the County would pay the award in a lump sum, he calculated the present value of the damages at a seven percent discount rate over ten years.
The County argued, and the court agreed, that Mr. Salverson had used the wrong date as the beginning point of his calculation of the business damages. Section 73.071(2), Florida Statutes (1991), states that "compensation shall be determined as of the date of trial, or the date upon which title passes, whichever shall occur first." We agree that the Weeses' compensation must be based on the damage to Guarantee's business as it existed on July 2, 1991. We disagree, however, with the lower court's determination that Mr. Salverson did not use this date as the date of value. The record is clear that Mr. Salverson knew the exact date of the taking, and that his damage calculation was based on that date. He testified:
from July 2nd, 1991, [the date of the taking]... for the rest of 1991, 1992, 1993 and the first couple months of 1994, it is my opinion that there were no business damages in that period of time. However, subsequent to the opening of the road and the completion of it, this business suffered business damage losses due to the reduction of display spaces....
*223 This is an unusual case. For almost three years after title passed to Pinellas County, Guarantee continued to use the land to display its cars. In the normal situation, the business would cease using the condemned property immediately and its business damages would be projected from the date of taking. Here, according to Salverson, the damages did not begin until several years later. There is no question, however, that the loss of display spaces resulted from the County's condemnation of a part of the property for the road project. See Coleman v. Escambia County, 405 So.2d 227, 228 (Fla. 1st DCA 1981) (critical question one of causation: was the business damaged by the condemnation). Salverson's opinion that the business suffered no damages for the first few years after the taking and that the damages actually began after completion of construction, does not, under these unusual facts, establish that he used the wrong date of value. He specifically connected his damages testimony to the date of condemnation. Accordingly, we hold that the lower court abused its discretion when it struck his testimony.
After the court struck Mr. Salverson's testimony, the Weeses attempted to present evidence of business damages through Rollie Weese. Rollie testified he had been in the used car business from 1964 until 1980. After his semi-retirement, he continued to assist Henry Weese in the operation of Guarantee. Thus, he was not only familiar with the used car business in general, but also with the particular business that had been damaged by the condemnation. We hold that the lower court erred when it refused to permit Rollie Weese to testify concerning business damages. A witness may testify as an expert if he is qualified to do so by reason of knowledge obtained in his occupation or business. Harvey v. State, 129 Fla. 289, 176 So. 439 (1937); § 90.702, Fla. Stat. (1991).
Because the Weeses were unable to present any testimony concerning the amount of business damages Guarantee suffered, the trial court directed a verdict in favor of Pinellas County. We reverse and remand for a new trial in accordance with this opinion.
Reversed and remanded.
ALTENBERND and LAZZARA, JJ., concur.