921 So.2d 43 (2006)
SUSAN FIXEL, INC., Appellant,
v.
ROSENTHAL & ROSENTHAL, INC., etc., Appellee.
No. 3D05-243.
District Court of Appeal of Florida, Third District.
February 1, 2006.
*45 Adorno & Yoss and Jan Douglas Atlas and Samantha Tesser Haimo and Jeffrey A. Backman (Fort Lauderdale), for appellant.
Alan K. Fertel and H. Eugene Lindsey and Catherine Shannon Christie and Milton M. Ferrell, Miami, for appellee.
Before GREEN, RAMIREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Susan Fixel, Inc. (Fixel, Inc.) appeals various rulings by the trial court, including a directed verdict entered on its claims against Rosenthal & Rosenthal Inc. (R & R) for breach of fiduciary duty and negligent misrepresentation, and a summary judgment entered against its claim for fraud in the inducement. We affirm.
Fixel, Inc. was in the business of selling apparel. In 1997, it entered into an agreement with R & R, whereby R & R acted as Fixel, Inc.'s factor, purchasing its receivables based upon a credit-risk evaluation. In addition to being Fixel, Inc.'s factor, R & R was the factor for C & L Textiles Corp. (C & L). Fixel, Inc. and C & L also did business together, with C & L providing textiles for Fixel, Inc.'s designs. In October of 1998, Fixel, Inc. entered into a written manufacturing agreement with C & L, pursuant to which C & L became responsible for Fixel, Inc.'s production and shipping, and C & L cancelled an outstanding debt owed to it by Fixel, Inc. In deciding to enter into this agreement, there was testimony that Fixel, Inc. relied upon representations of R & R as to C & L's solid financial condition, which Fixel, Inc. alleges were false. The parties operated under the agreement for a time, and then on March 4, 1999, C & L notified Fixel, Inc. of its intent to terminate the agreement. The parties terminated the agreement on July 1, 1999, and several months later Fixel, Inc. ceased operations.
Subsequently, Fixel, Inc. sued R & R, C & L, and two of C & L's principals. In its Third Amended Complaint, Fixel, Inc. alleged claims against R & R for fraud in the inducement, negligent misrepresentation, fraudulent misrepresentation, and breach of fiduciary duty. The trial court dismissed these claims with prejudice, and Fixel, Inc. appealed to this court. On appeal, this court reversed, finding that Fixel, Inc.'s complaint adequately set forth the claims alleged, and reversed the trial court's dismissal. Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204 (Fla. 3d DCA 2003). On remand, Fixel, Inc. voluntarily dismissed its claim for fraudulent misrepresentation, and after the case proceeded to discovery, R & R moved for summary judgment on the remaining claims against it. The trial court entered summary judgment on the fraudulent inducement claim, but denied the motion for summary judgment on the breach of fiduciary duty and negligent misrepresentation claims. The court also granted Fixel, Inc.'s motion for leave to amend its complaint to add a claim for punitive damages. Prior to trial, Fixel, Inc. voluntarily dismissed its claims against C & L and its two principals. It filed a motion in limine requesting that the court prohibit R & R from eliciting any testimony regarding such dismissal, and the trial court denied the motion.
At trial, the trial court did not permit James Reto, CPA, Fixel, Inc.'s damages expert, or Norman Fixel, one of the principals *46 of Fixel, Inc., to testify regarding the damages Fixel, Inc. allegedly suffered. After the plaintiff rested, R & R moved for a directed verdict. The trial court granted the directed verdict as to punitive damages, finding that R & R's conduct did not rise to the level of outrageous conduct. The court also granted a directed verdict as to breach of fiduciary duty and negligent misrepresentation, holding that the evidence offered did not establish a viable damage claim.
We first address Fixel, Inc.'s claim that the trial court abused its discretion in excluding the testimony of Mr. Reto, Fixel, Inc.'s expert witness on damages. The trial court disallowed the testimony based upon a finding that Mr. Reto relied upon speculative information in formulating his conclusions, and that he used an incorrect date in determining the market value of the business.
Mr. Reto based his damages calculation on future revenue and cash flow projections that had been prepared by Norman Fixel. Mr. Reto never verified these projections nor prepared his own projections. These projections could not be independently supported as they assumed that Fixel, Inc. would receive $3 million from investors, though no such funding was ever given; Fixel, Inc. was a start-up company that had never turned a profit and its costs only increased over time; and no comparable companies existed to assist in the valuation process. Thus we agree that Mr. Reto's damage calculations were too speculative, and conclude that the trial court did not abuse its discretion in excluding his testimony. See Montage Group, Ltd. v. Athle-Tech Computer Sys., Inc., 889 So.2d 180, 195 (Fla. 2d DCA 2004)(concluding that a plaintiff's proof of claimed business damages were inadequate to support the jury's business damage award because it was "far too speculative and uncertain"); North Dade Cmty. Dev. Corp. v. Dinner's Place, Inc., 827 So.2d 352, 353 (Fla. 3d DCA 2002)(reversing an award of future profits when the only evidence supporting the award was a page of projected earnings in a business prospectus that was "little more than an unsupported wish list of what the lessee hoped would occur in the coming years"); Forest's Mens Shop v. Schmidt, 536 So.2d 334, 336-37 (Fla. 4th DCA 1988)(reversing a damages award against a plaintiff who had not realized a profit during the two years that he had been the sole owner of his business and whose losses increased as his sales increased, when the testimony in support of the damages award ignored this lack of profitability in the past, explaining that the testimony was too speculative to allow an award of lost future profits).
Fixel, Inc. asserts that we should not rely on the above authorities, as they relate to lost profit damages while Fixel, Inc. is seeking damages based upon the market value of its business at the time of its destruction. We disagree. It is as inappropriate to use purely speculative forecasts of future revenue to determine the market value of a business as it is to use such speculative forecasts in determining lost future profits. See Montage Group, Ltd., 889 So.2d at 199 (recognizing that the value of a business reflects its future profits).
We also conclude that the trial court did not abuse its discretion in excluding Mr. Reto's testimony, based upon a finding that Mr. Reto had relied upon an incorrect date when determining the market value of the business. Fixel, Inc. sought damages for the destruction of its business. "If a business is completely destroyed, the proper total measure of damages is the market value of the business on the date of the loss." Montage Group, Ltd., 889 So.2d at 193 (emphasis added) *47 (citing Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983)). In the instant case, the trial court properly found that the date of Fixel, Inc.'s alleged loss was the date that it ceased operations, which was in late 1999, not on October 11, 1998, the date relied upon by Mr. Reto. As the expert's opinion valuing the company was based upon an incorrect date of loss, it was not relevant; it would not have assisted the jury when assessing any possible damages; and it would only have confused the jury in making that determination.
Fixel, Inc. however, asserts that despite the deficiencies in Mr. Reto's testimony, he should not have been precluded from testifying, as these deficiencies went to the weight, rather than the admissibility of the evidence. In support of its position, Fixel, Inc. cites to Weese v. Pinellas County, 668 So.2d 221 (Fla. 2d DCA 1996). In Weese, the trial court excluded an expert's testimony based upon a finding that he used an incorrect date in calculating business damages, and the Second District Court of Appeal reversed. However, the Second District did not reverse based upon a determination that the expert should have been allowed to present his evidence even if he used an incorrect date of valuation as Fixel, Inc. claims. Rather, it reversed because it found that the expert did, in fact, use the correct date of valuation in making his determination. Id. at 222-23.
Fixel, Inc. additionally relies on Rochelle v. State Road Department, 196 So.2d 477 (Fla. 2d DCA 1967). In Rochelle, the trial court struck the testimony of a property appraiser based upon the method of evaluation he used to appraise the property. The Second District reversed, finding that the method of evaluation used by the appraiser did not relate to the competency of his testimony because it was not so totally inadequate or improper that the adoption of the method would require departing from all common sense and reason or would require the adoption of an entirely new an unauthenticated formula. Id. at 479. Instead, the Second District found that the appraiser used a new but valid and reliable formula, and that his testimony should have been tested by the jury for its weight rather than being excluded by the trial court on the basis of competency. Id. The deficiencies in Mr. Reto's testimony, however, go beyond the use of a new method of evaluation. He relied upon speculative information and used a date of valuation completely unconnected to the date of loss. These deficiencies prevent his evaluation from being valid and reliable. As his opinions were based on a totally incorrect premise, the trial court properly excluded Mr. Reto's testimony. As Norman Fixel, one of the principals of Fixel, Inc., intended to testify using the same incorrect date of valuation and speculative information as Mr. Reto had relied on, the trial court properly excluded his testimony as well.
As a result of the trial court's rulings excluding the damages testimony, it granted a directed verdict as to Fixel, Inc.'s damages claim. Fixel, Inc. asserts this was error, as its failure to establish compensatory damages should not have precluded a claim for nominal damages. As our review of the record establishes that Fixel, Inc. did not raise this argument below, we conclude that the issue is not subject to appellate review. Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999).
Fixel, Inc. also argues that the trial court erred in striking its punitive damages claim. Again we disagree, as the trial court properly found that there was insufficient evidence to submit the issue to the jury. Punitive damages are limited to truly culpable behavior and should not be *48 awarded unless the defendant "acted with malice, gross negligence or oppression." See Capital Bank v. MVB, Inc., 644 So.2d 515, 521 (Fla. 3d DCA 1994). Fixel, Inc. failed to present evidence of gross or flagrant conduct, and in fact, Mrs. Fixel testified that R & R would never want to harm her company, and Mr. Fixel testified that he did not believe that R & R's representative intentionally lied. Moreover, Fixel, Inc. failed to bring forth evidence that R & R's representations were, in fact, false. In fact, there was evidence at trial that, at the time that R & R's representative allegedly made representations to Fixel, Inc. regarding C & L's solid financial condition, C & L, which was owned by the Greenbergs, who had been in the garment industry for years with a good reputation, was showing a profit and had the financial wherewithal to meet its obligations under the agreement. Punitive damages must be proportionate to the actual harm inflicted on the plaintiff, and since the actual harm was not ascertainable, the punitive damages claim must fail. See Liggett Group, Inc. v. Engle, 853 So.2d 434, 451 (Fla. 3d DCA 2003).
Another issue raised by Fixel, Inc. is the trial court's ruling over its objection allowing R & R to disclose the dismissal of the previous defendants and in allowing R & R to question one of Fixel, Inc.'s witnesses concerning his prior history of litigation. We agree that these decisions were error. Even if it is not precluded by statute, the fact that Fixel, Inc. dismissed other defendants is irrelevant. It is also clear that the litigiousness of a witness is inadmissible. Zabner v. Howard Johnson's Inc. of Fla., 227 So.2d 543 (Fla.1969). We conclude, however, that the introduction of the objected-to evidence was harmless beyond a reasonable doubt under the circumstances of this case. As this is not an appeal from a jury verdict, the evidence that Fixel, Inc. dismissed other defendants prior to trial or that one of its witnesses was litigious, did not unfairly prejudice Fixel, Inc. The trial court entered a directed verdict due to Fixel, Inc.'s failure to present evidence on damages, not based upon the credibility of the witnesses.
Finally, Fixel, Inc. argues that the trial court erred in granting R & R's motion for summary judgment relating to Fixel, Inc.'s fraud in the inducement claim. However, at the summary judgment hearing, the evidence was uncontroverted that Fixel, Inc. continued to accept performance from C & L even after it discovered that C & L supposedly did not have the financial wherewithal to fulfill its obligations under the manufacturing agreement. Therefore, since it chose to continue its agreement with C & L after discovering that R & R's alleged representations about C & L's solid financial conditions were untrue, R & R's misrepresentations were not the cause of any damages, and Fixel, Inc. waived its claim of fraud. Mazzoni Farms, Inc. v. E.I. Du-Pont De Nemours and Co., 761 So.2d 306, 313 (Fla.2000).
Accordingly, we affirm the directed verdict against the breach of fiduciary duty and negligent misrepresentation claims, and the summary judgment entered against the claim for fraud in the inducement.
Affirmed.