PER CURIAM.
 

 Diamond Regal Development, Inc. (“Diamond Regal”) appeals from a judgment based on a jury verdict in favor of Matin-naz Construction, Inc. (“Matinnaz”) in a contract dispute regarding the construction of a condominium complex, Eagle Trace. Diamond Regal asserts that the trial court erred in holding that a general contractor who had been an unsuccessful bidder on the contract could not testify, as an expert, to the cost of constructing Eagle Trace because of his relationship to the litigation. We agree. Therefore, we reverse and remand for a new trial. We affirm the remaining issues on appeal without further discussion.
 

 Diamond Regal contracted with Matin-naz to construct Eagle Trace in May 2005 for $20,568,000.00. The contract provided that Matinnaz would substantially complete the project within 703 working days and that progress payments would be paid based on the percentage of work completed. Approximately six months into construction, the parties began having disputes regarding the performance of the contract. Diamond Regal alleged that Ma-tinnaz was not working quickly enough, and Matinnaz argued that it was not receiving sufficient compensation for the work it was completing as the construction progressed. Matinnaz ceased construction in November 2005.
 

 Both parties filed complaints against each other alleging breach of contract and other claims. The cases were consolidated and proceeded to trial. Diamond Regal argued that Matinnaz was not entitled to any damages under the contract because it had completed only 4.5% of Eagle Trace even though 26% of the total building period had passed. Diamond Regal alleged that Matinnaz had grossly underbid the project and refused to continue construction when it realized its error, thus breaching the contract. Matinnaz argued that it ceased construction because Diamond Regal refused to make progress payments pursuant to the terms of the contract. Matinnaz presented expert testimony that it had completed 7.9% of Eagle Trace.
 
 *1106
 
 Matinnaz argued it was owed over $3,000,000.00 under the contract, including more than $1,500,000.00 in lost profits.
 

 Diamond Regal called James Walker, who had been a certified building contractor for seventeen years, to testify as an expert witness. Diamond Regal intended to introduce Walker’s expert opinion that the cost of constructing Eagle Trace exceeded Matinnaz’s bid by approximately $6,000,000.00 and that, as such, Matinnaz was entitled to no lost profits or damages under the contract. Walker based his opinion on the bid he had submitted in his unsuccessful attempt to win the Eagle Trace contract. The trial court ruled Walker could not testify as an expert because he was an unsuccessful bidder and had an interest in the contract at issue. The trial court instructed the jury that Walker was not testifying as an expert witness.
 
 [1]
 

 During Matinnaz’s closing argument, counsel repeatedly emphasized that Matin-naz had provided the only expert testimony as to the amount it was owed under the contract. The jury instructions did not indicate that expert testimony was to be given the same weight as lay testimony. The jury entered a verdict in favor of Matinnaz, finding Diamond Regal in breach of contract and awarding Matinnaz damages of $2,209,206.00, including lost profits. This appeal follows.
 

 We review the trial court’s determination of whether a witness may testify as an expert for abuse of discretion.
 
 See Doctors Co. v. Dep’t of Ins.,
 
 940 So.2d 466, 469 (Fla. 1st DCA 2006). Expert testimony may be admitted on an issue if technical or specialized knowledge will assist the jury in determining an issue of fact. § 90.702, Fla. Stat. (2007). A witness must have sufficient knowledge, skill, experience, training, or education regarding the evidence being introduced at trial to testify as an expert. § 90.702.
 

 A witness should not be excluded as an expert merely because he or she was involved in the facts of the underlying case.
 
 See Weese v. Pinellas County,
 
 668 So.2d 221, 222-23 (Fla. 2d DCA 1996). It is also improper to exclude an otherwise qualified expert from testifying because of the witness’ perceived bias.
 
 See Moore v. Huntington Nat’l Bank of Columbus,
 
 352 So .2d 589, 590 (Fla. 3d DCA 1977). In
 
 Weese,
 
 the trial court excluded the testimony of one of the plaintiffs who was proffered as an expert on the issue of business damages stemming from the county’s taking of his used car lot. 668 So.2d at 222-23. The plaintiff was familiar with the used car business in general and was aware of the specific damages his lot incurred.
 
 Id.
 
 The
 
 Weese
 
 court held that the plaintiff should have been able to testify as an expert.
 
 Id.
 
 Similarly, in
 
 Moore,
 
 the court determined that the trial court could not exclude an otherwise qualified expert witness from testifying due to perceived bias, as the jury determines witness credibility. 352 So.2d at 590. The trial court in
 
 Moore
 
 had excluded the witness because he acted as “more of an advocate” than an expert in other cases where he had testified as an expert witness.
 
 Id.
 

 In the instant case, the cost to construct Eagle Trace was a technical issue about
 
 *1107
 
 which an expert’s testimony could assist the jury’s determination. Diamond Regal established that Walker had sufficient knowledge and experience regarding this issue because he had been a certified building contractor for seventeen years. Based on the authority of
 
 Weese
 
 and
 
 Moore,
 
 the trial court’s exclusion of Walker from testifying as an expert witness simply because he was a frustrated bidder on the project was improper. Any perceived bias on Walker’s part is an issue of credibility to be determined by the jury. Accordingly, we hold that the trial court abused its discretion in excluding Walker from testifying as an expert.
 

 We must next determine whether the trial court’s exclusion of Walker from testifying as an expert was harmless, in light of the fact that Walker was able to testify to his lay opinion of the cost to construct Eagle Trace. The trial court instructed the jury that Walker was not considered an expert. In closing arguments, counsel for Matinnaz further highlighted the fact that Walker was not an expert by repeatedly stating that it had presented the only expert testimony as to costs and lost profits. Additionally, the trial court did not instruct the jury that expert testimony was to be given the same weight as lay testimony. We cannot find that the exclusion of Walker’s expert opinion did not influence the jury’s award of damages to Matinnaz. Therefore, the trial court’s failure to allow Walker to testify as an expert was not harmless. AFFIRMED in part, REVERSED in part, and REMANDED for a new trial.
 

 LEWIS and THOMAS, JJ., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.
 

 [1]
 

 . Diamond Regal argues on appeal that the trial court erred in instructing the jury that Walker was not an expert, but its counsel suggested the trial court give essentially the same instruction. Therefore, any error in the trial court’s jury instruction was invited error and is not a basis for reversal on appeal.
 
 See Glabvo Dredging Contractors v. Brown,
 
 374 So.2d 607, 608 (Fla. 3d DCA 1979) ("A party who submits a proposed jury instruction which is adopted by the trial court and given to the jury may not be heard to urge, on appeal, error in such instruction.”).