ON MOTION FOR REHEARING
ORFINGER, J.
We grant rehearing, withdraw our prior opinion, and substitute the following in its place.
This consolidated appeal and cross-appeal arise from a breach of contract action. Bombardier Aerospace Corporation challenges a final judgment entered in favor of Signature Flight Support Corporation on Bombardier’s action for breach of contract. For its part, Signature appeals the denial *130 of its motion for directed verdict regarding its statute of limitations defense and the directed verdict in favor of Bombardier on Signature’s counterclaim. We affirm the directed verdict on Signature’s counterclaim without further discussion. However, for the reasons that follow, we affirm in part and reverse in part the final judgment entered in favor of Signature and against Bombardier.
Bombardier manages an 83-aircraft fleet for use by its clients across the United States. Signature is a Fixed Base Operator (“FBO”), providing ground services to aircraft owners/operators at airports nationwide. Bombardier and Signature entered into a FBO Services Agreement (“FBO Agreement”) for Signature to perform FBO services on Bombardier’s aircraft fleet at numerous airports in the United States. The FBO Agreement's choice of law provision specified the application of Texas law.[1]
At issue here is Paragraph 4(f) of the FBO Agreement concerning Signature’s responsibility for damage to Bombardier aircraft, which provided:
Signature and [Bombardier] agree to be liable to the other for indirect, incidental, consequential, special or exemplary damages, whether in contract or tort (including strict liability and negligence) such as but not limited to, loss of revenue, diminution or loss of value, loss of use or profits, or the costs associated with substitute or replacement aircraft up to a maximum of $200,000 per event. Signature agrees to pay for direct damages to aircraft due to negligence or willful misconduct.
Between 2004 and 2006, Signature damaged six aircraft in Bombardier’s fleet, i.e., N607FX, N426FX, N137FX, N432FX, N246FX, and N429FX. After completing repairs to the aircraft, Bombardier presented damage claims to Signature, demanding payment for direct and consequential damages relating to each of the damaged aircraft. In April 2009, Bombardier submitted a final demand to Signature for $1,267,782.78, the damages that it attributed to the six aircraft. Signature refused to pay.
On August 17, 2009, Bombardier sued Signature for damages to the six aircraft. At trial, Signature sought a directed verdict on its affirmative defense, arguing that the statute of limitations precluded some of Bombardier’s claims. The trial court denied a directed verdict, and allowed Bombardier to go forward on all six breach of contract counts. While the jury found that Signature’s employees damaged all six aircraft, it determined that Bombardier was not entitled to recover any damages because it made an unreasonable pre-suit demand.
On appeal, Signature contends that the Texas statute of limitations barred the N607FX, N426FX and N137FX claims. We agree. A party asserting a breach of contract claim must sue within four years after the claim accrues. Tex. Civ. Prac. & Rem. Code § 16.004; Stine v. Stewart, 80 S.W.3d 586, 592 (Tex.2002). Determining when a cause of action accrues is a question of law, not fact. See Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex.2003); Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex.2001). The court determines what conduct *131 is required by the parties, and, insofar as a dispute exists concerning the failure of a party to perform the contract, the court submits the disputed fact questions to the jury. 14 Tex. Jur. Contracts § 377 (2012). As a general rule, under Texas law, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy. Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex.1990). In most cases, a cause of action accrues for breach of contract when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have occurred. Knott, 128 S.W.3d at 221; S.V. v. R.V., 933 S.W.2d 1, 4 (Tex.1996).
Bombardier filed its breach of contract action on August 17, 2009. Consequently, any claim accruing more than four years earlier would be time-barred. The undisputed facts show that Signature damaged N607FX on September 24, 2004, while N426FX and N137FX were damaged in a single incident on April 23, 2004. Because Bombardier filed its breach of contract lawsuit more than four years after the causes of action accrued, these claims are barred. Therefore, as to these three claims, we affirm the judgment in favor of Signature.[2] The remaining three claims were timely filed, as they accrued less than four years prior to the filing of the lawsuit.[3]
With regard to the remaining claims, we reverse the final judgment. In determining whether Bombardier was entitled to damages as a result of Signature’s breach of the FBO Agreement, Bombardier was not required to prove, and thus, the jury should not have been asked to resolve whether it had made a “reasonable” pre-trial demand. Texas law does not recognize a claimant’s unreasonable demand as an affirmative defense to a breach of contract action. Under Texas law, if a claimant makes an excessive demand, the claimant may forfeit its right to attorney’s fees in the ensuing litigation, but no authority exists to deny a claimant its otherwise lawful damages. See Findlay v. Cave, 611 S.W.2d 57, 58 (Tex.1981); Lairsen v. Slutzky, 80 S.W.3d 121, 131 (Tex.App.2002). The Texas doctrine of excessive demand is an affirmative defense only to an award of attorney’s fees. See Kurtz v. Kurtz, 158 S.W.3d 12, 21 (Tex.App.2004). The trial court’s ruling led to a punitive forfeiture of Bombardier’s right to damages to three of its aircraft, a result not permitted under Texas law. See Aquaplex, Inc. v. Rancho La Valencia, Inc., 297 S.W.3d 768, 774 (Tex.2009) (“Forfeitures are not favored in Texas, and contracts are construed to avoid them.”). On remand, because the jury has already determined liability, only a new trial on damages regarding the N432FX, N246FX, and N429FX claims is necessary.
For the benefit of the parties and the trial court on retrial, we address several evidentiary issues that arose during trial. On remand, the existence of, or *132 amount of insurance coverage, is not relevant to the issue of damages, and therefore, is not a proper matter for the jury’s consideration. See, e.g., Carls Markets, Inc. v. Meyer, 69 So.2d 789, 793 (Fla.1953); Gold, Vann & White, P.A. v. DeBerry, 639 So.2d 47, 54 (Fla. 4th DCA 1994). Similarly, Signature may not assert as an affirmative defense the duty to cooperate, which is an implied condition in the performance of a contract, and thus, relates solely to the issue of liability, not damages. See SP Terrace, L.P. v. Meritage Homes of Texas, LLC, 334 S.W.3d 275, 285 (Tex.App.2010) (reiterating that duty to cooperate is implied in every contract to extent necessary for contract’s performance, and thus, when one party prevents another from timely performing its contractual obligations, failure to timely perform is excused). However, Signature’s expert, Patrick Moylan, and witness, Paul McBreen, may testify at the retrial if their testimony would be relevant on the issue of damages.[4] Chavez v. State, 12 So.3d 199, 205 (Fla.2009); Harvey v. State, 129 Fla. 289, 176 So. 439, 440 (1937); Weese v. Pinellas Cnty., 668 So.2d 221, 223 (Fla. 2d DCA 1996). We also find no error in the trial court’s ruling, which permitted Mr. McBreen to testify in the original trial, as Bombardier failed to demonstrate that his testimony substantially endangered the fairness of the proceedings. See Walters v. Keebler Co., 652 So.2d 976, 977 (Fla. 1st DCA 1995) (holding witness should be allowed to testify absent prejudice, and exclusion of unlisted witness’s testimony is “drastic remedy” to be used only in “most compelling circumstances”); Utica Mut. Ins. Co. v. Penn. Nat’l Mut. Cas. Ins. Co., 639 So.2d 41, 43 (Fla. 5th DCA 1994) (holding court did not abuse discretion by admitting witness’s testimony, despite late notice by party offering testimony, where opposing party was afforded opportunity to depose witness night before trial and declined to do so). Finally, Signature may raise the duty to mitigate damages as an affirmative defense in the new trial. See, e.g., Turner, Collie & Braden, Inc. v. Brookhollow, Inc., 642 S.W.2d 160, 167 (Tex.1982) (“It is well established that the plaintiff in a breach of contract action can only recover ‘such damages as he could not have prevented with reasonable exertions and expense.’ ”) (quoting Walker v. Salt Flat Water Co., 128 Tex. 140, 96 S.W.2d 231, 232 (1936)). As a new trial on damages only is required, Signature may present the testimony of its expert, Wayne Muhler, or any other evidence on this issue, if relevant. See generally Roma Constr. Co. v. Goodman, 557 So.2d 58, 58-59 (Fla. 3d DCA 1989) (holding that trial court improperly limited issue to amount of damages suffered on appellate court’s order requiring new trial on damages); City of Pensacola v. Capital Realty Holding Co., 417 So.2d 687, 688 (Fla. 1st DCA 1982) (reiterating that trial judge’s taking of additional evidence upon remand for further proceedings was not abuse of discretion as trial judge is vested with broad discretion in handling or directing course of trial).
For these reasons, we affirm the directed verdict on Signature’s counterclaim, affirm the final judgment with respect to the N607FX, N426FX and N137FX claims, but reverse and remand for a new trial on damages on the N432FX, N246FX, and N429FX claims.
AFFIRMED in part, REVERSED in part, and REMANDED.
PALMER and EVANDER, JJ., concur.

. Choice-of-law provisions are enforceable in Florida. See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306, 311 (Fla.2000). "An agreement between parties to be bound by the substantive laws of another jurisdiction is presumptively valid, and this Court will enforce a choice-of-law provision unless applying the chosen forum’s law would contravene a strong public policy of this State.” Se. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So.3d 73, 80 (Fla.2012). No such policy is implicated in this case.

. N432FX was damaged on October 29, 2005, N246FX was damaged on April 30, 2006, and N429FX was damaged on October 4, 2006.

. Relying on Intermedies, Inc. v. Grady, 683 S.W.2d 842 (Tex.App.1984), Bombardier argues that Signature breached its duty to pay for the damages and therefore, it had four years after that refusal to file its breach of contract action. We disagree that the FBO Agreement was an agreement to pay. While Signature had a duty to pay reasonable damages for the losses it caused, the contract between the parties is primarily one for FBO services, not for the payment of money by Signature. Courts must determine the parties’ intent from the instrument as a whole, considering each provision not in isolation but with reference to the entire contract. TX. C.C., Inc. v. Wilson/Barnes Gen. Contractors, Inc., 233 S.W.3d 562, 567 (Tex.App.2007).

. Mr. Moylan’s testimony related to liability at the original trial. We do not address the relevance of his testimony on the issue of damages.